THE CITY OF GALESBURG

*v.*

CHARLOTTE SEARLES *et al.*

*Filed at Ottawa May 15, 1885.*

1. SPECIAL TAXATION *for local improvements—whether the matter of benefits to be considered.* The power of special taxation of contiguous property for the making of local improvements by a city, does not depend upon the fact of an equivalent benefit to the property taxed. The power is given unqualifiedly, with no restriction as to the benefiting of contiguous property.

2. SAME—*special taxation as distinguished from special assessment.* An ordinance was passed for the construction of a sewer in a street, the cost thereof to be paid, one-half by general tax, and one-half by special taxation, to be levied on the property contiguous to the improvement in proportion to the benefits accruing to the respective parcels of land or lots along the line of the sewer by the making thereof, to be levied and collected as provided by article 9 of the act of the legislature entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, and a committee was appointed, who reported the estimated cost of the proposed improvement: *Held,* that this was a case of proceeding by special taxation, and not by special assessment.

3. SAME—*committee to ascertain the cost of improvement—at what stage of the proceeding to be appointed.* It is no valid objection to a proceeding to construct a sewer, one-half of the cost thereof to be paid by general tax and the other half by special taxation of contiguous property, that the committee to estimate the cost of the improvement may have been appointed after the passage of the ordinance and before its approval by the mayor. It is sufficient if the ordinance is signed before the petition is filed in the county court to have the tax levied for half the estimated cost upon contiguous property.

APPEAL from the County Court of Knox county; the Hon. DENNIS CLARK, Judge, presiding.

Mr. FLETCHER CARNEY, and Mr. G. W. THOMPSON, for the appellant.

Messrs. WILLOUGHBY & DAUGHERTY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On May 5, 1884, the city council of Galesburg passed an ordinance providing for the construction of a sewer in one of its streets, the cost thereof to be paid, one-half by general tax, and one-half by special taxation, to be levied on the property contiguous to the improvement, in proportion to the benefits accruing to the respective parcels of land or lots along the line of the improvement by the making thereof, and to be levied and collected as provided by article 9 of an act of the General Assembly of the State of Illinois, entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872. The street committee were appointed a committee to estimate the cost of the improvement. The committee subsequently made their report, giving the amount of the total cost of the work, and thereupon the city council, by resolution, ordered the city attorney to file a petition in the county court to levy such tax, pursuant to law. The city attorney then filed the petition in this case, in the county court, praying for the appointment of three commissioners to levy the special tax for one-half of the cost of the improvement, on property contiguous thereto, as provided by law, and in conformity with the ordinance. The court, upon hearing the petition, ordered that the prayer thereof be granted, and appointed commissioners to visit the locality, and to levy one-half the cost of the improvement upon contiguous property, in proportion to the benefits accruing to the property from the making of the improvement. The commissioners made the assessment, assessing one-half of the estimated cost of the improvement

on the contiguous property, and returned the assessment roll into court. Objections on the part of several of the property owners, to the petition and the report of the commissioners, were filed. On the argument of the objections, the court dismissed the petition without hearing any evidence, and denied the motion of the petitioner for a default and confirmation of the assessment as to the non-objecting parties, and the petitioner excepted, and appealed to this court.

The first objection which is urged to the sufficiency of the petition is, that it should have shown that before the city council passed the ordinance directing that one-half the cost of the proposed improvement should be borne by contiguous property, there should have been an examination, and determination of the probable benefits to such property, of the work. The constitutional provision in regard to the right to make local improvements by city and village authorities, is: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise." (Art. 9, sec. 9.) The statute provisions are: "The corporate authorities of cities and villages are hereby vested with power to make local improvements by special assessment, or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall by ordinance prescribe." "When any such city or village shall, by ordinance, provide for the making of any local improvement, it shall, by the same ordinance, prescribe whether the same shall be made by special assessment or by special taxation of contiguous property, or general taxation, or both." (Rev. Stat. 1874, secs. 116, 117.) Here is ample power given for the making of local improvements. The one in question might have been made wholly by special taxation.

The notion seems to be advanced by counsel that special taxation implies the idea of special benefit, and that there

can be no special taxation of property unless, and according as, it may be specially benefited. There is no countenance for this. The power of special taxation is given unqualifiedly, with no restriction whatever as to the benefiting contiguous property. The supposition that contiguous property would be benefited by a local improvement, may have operated with those who granted the power of special taxation of such property, in the granting of the power, but they left the exercise of the power without condition in this respect. Instead, then, as they might, of imposing the whole cost of this improvement upon contiguous property, the city council imposed upon it but one-half of the cost, and there was no requirement that beforehand, or at any other time, there should have been any express determination that the property would be benefited to that extent, or at all. Having determined to raise only one-half the cost of the improvement by special taxation of contiguous property, it was open to the city council to adopt which one of the various modes of special taxation of the property they saw fit,—whether according to frontage of the property, value, benefits received, or otherwise. They resorted to the one of benefits received from the improvement, which would seem to be a most just and equitable mode.

On this subject of special taxation for local improvements, this court, in *White* v. *The People ex rel.* 94 Ill. 604, said: "This proceeding is in the taxation of contiguous property; and in the adoption of that mode there is no requirement of benefits received, and no respect thereto further than may be had by the city council in determining upon which particular one of the several modes of special taxation of contiguous property open to them, shall be resorted to," etc. See *Enos et al.* v. *City of Springfield*, 113 Ill. 65.

Another objection made is, that the committee appointed to make the estimate of the cost of the proposed improvement were appointed, and made their report, between the time of the passage of the ordinance and its approval by the mayor.

The mayor had signed the ordinance before the petition was filed. The ordinance having been approved, the report of the committee, with the ordinance, was sufficient to sustain the petition. A question similar to this was raised in *Gurnee* v. *City of Chicago,* 40 Ill. 167. That was under a special charter, and under the old constitution, yet under provisions of a charter almost identical with those under the present general Incorporation act. There the commissioners were appointed and sworn to make the special assessment, on the 28th of September, while the ordinance was passed on the 25th but not presented to the mayor for approval until the 30th. It was there said if the authority to take the oath had been alone contained in the ordinance, then it would have been premature and unauthorized, but that the oath was required by the statute, and it did not require the oath to be taken after the approval of the ordinance, and that the taking of the oath was a literal compliance with the law,—all which may be repeated pertinently with reference to the present objection. It is the statute, and not the ordinance, which requires the appointment of commissioners who shall make an estimate of the cost of the improvement contemplated by the ordinance, and it is not required to be done after the approval of the ordinance.

A further objection made is, that this is a special assessment, and the required steps in a special assessment proceeding have not been taken. Clearly this is a case of proceeding by special taxation, and not by special assessment.

Of the various objections filed in the county court, the foregoing appear to be all which are here insisted upon. We find them to be insufficient, and that the county court erred in dismissing the petition.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*