GEORGE WATSON

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa November 14, 1885.*

1. SPECIAL ASSESSMENT—*local improvement—in cities—mode of paying the cost—who shall determine.* Sections 116 and 117 of the "Act to provide for the incorporation of cities and villages," vests in the city councils the sole power to determine, by ordinance, what portion of the total cost of a local improvement shall be paid by the public, and their determination in this respect is conclusive.

2. SAME—*an ordinance construed as to what part of the cost of a local improvement shall be paid by the city.* An ordinance of a city for the construction of a sidewalk on both sides of a street between given points, provided that the improvement "shall be made and the cost thereof paid for by special assessment, to be levied upon the property benefited thereby, to the amount that the same may be legally assessed therefor, and the remainder of the cost to be paid by general taxation, in accordance with article 9 of an act to provide for the incorporation of cities and villages:" *Held,* that the words, "to the amount the same may be legally assessed," meant to the amount the property might be benefited by the improvement, and under such ordinance the public was required to pay the remainder, only, of the cost thereof, and that the commissioners could not increase or lessen such amount by estimate of what proportion of the whole cost would be of benefit to the public.

3. SAME—*ordinance, whether embracing two improvements.* An ordinance for the construction of a sidewalk on both sides of the same street is not invalid, as embracing two separate and distinct local improvements. In such case the construction of the sidewalk on one side of the street is of more or less benefit to the property on both sides of the street.

4. SAME—*proportionate share of cost—how ascertained.* On an application for the confirmation of a special assessment upon a lot for benefits by the proposed construction of a sidewalk, a party objecting to the assessment as to his lot, asked of a witness this question: "Of the total cost of $639.54, what would be the proportionate share of the cost of the improvement that a particular block — block 10 — would sustain?" when the court remarked, "Counsel will be allowed to state and make comparisons between the amounts assessed against the property mentioned in said question, and the amounts assessed against all the lots and tracts assessed." The counsel rejected the modification, and the question was not answered: *Held,* that the limitation by the court, of the question, was correct, the proper inquiry being as to the proportionate share of the amount assessed against all the property, and not the total cost of the improvement.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. JOHN H. HAMLINE, for the appellant.

Mr. F. S. WINSTON, Corporation Counsel, and Mr. E. J. HARKNESS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of confirmation by the county court of Cook county, of a special assessment levied at the instance of the city of Chicago, upon certain property of appellant, George Watson, and other property, to pay for the cost of constructing a sidewalk on both sides of Bryson street, from Leavitt street on the east, to Western avenue on the west, in the city of Chicago. The total cost of the improvement was $639.54. The proportion of the cost assessed by the commissioners making the assessment, upon the property benefited, was $589.05, and the proportion of benefit to the public, and assessed to the city of Chicago, was $50.49. To the assessment, as returned, appellant filed objections. Upon the trial in the court below the jury found that the premises of the objector were not assessed more than they would be benefited, nor more than their proportionate share of the cost of the improvement. A motion for a new trial, made by the objector, was overruled, and a judgment of confirmation entered by the court.

The first point made by the appellant is, that the evidence shows his property would not be benefited by the proposed improvement. The evidence upon the subject was conflicting. The assessment roll was in evidence, which contained the estimate of benefits to the property, of the three commissioners appointed by the court to make the assessment. Several real estate dealers, besides, were called as witnesses, and testified that the construction of the sidewalk in question would benefit

the property. The jury passed upon the question, and found against the appellant, and we do not see in this record any cause to disturb their verdict.

It is next urged' that the court erred in excluding answers to certain questions put to witnesses. All but one of these questions called for an expression of opinion, in some form, by the witness, in regard to the amount assessed against the city as public benefit,—whether the total cost of the improvement had been so apportioned by the commissioners between the property specially benefited and the city, so that each should bear its relative equitable proportion. The ordinance of the city council in this case provides that the improvement "shall be made and the costs thereof paid for by special assessment, to be levied upon the property benefited thereby to the amount that the same may be legally assessed therefor; and the remainder of the cost to be paid by general taxation, in accordance with article 9 of 'An act to provide for the incorporation of cities and villages.'" Section 116 of the City and Village act, (Rev. Stat. 1874, page 232,) provides; "that the corporate authorities of cities and villages are hereby vested with power to make local improvements, by special assessment, or by special taxation, or both, of contiguous property, or general taxation or otherwise, as they shall by ordinance prescribe." And by the 117th section: "When any such city or village shall, by ordinance, provide for the making of any local improvement, it shall, by the same ordinance, prescribe whether the same shall be made by special assessment, or by special taxation of contiguous property, or general taxation, or both."

It will thus be seen that the city council is solely vested with power to determine what portion of the total cost of a local improvement shall be paid by the public. It here exercised that power by the ordinance in question providing that the public should pay all in excess of benefits to the property benefited, as we construe the ordinance. The com-

missioners, under the ordinance, are to assess to the property "the amount that the same may be legally assessed therefor," —that is, the amount of benefits to the property, as the property may be legally assessed to that amount. If this amount equals the cost of the improvement, there is nothing for the public to pay; and so there would be no apportionment to be made by the commissioners, under section 139 of the City and Village act, between the public and the property benefited, so that each should bear its relative equitable proportion, —at least, no other than that fixed by the common council. The city council has determined what the public shall pay, and this is binding upon the commissioners. If the amount of the special benefits does not equal the cost of the improvement, then the remainder of the cost is to be paid by general taxation; and it is only this remainder which the city council has determined shall be paid by general taxation, and this determination must control the commissioners in their action, under the 139th section, and they can not add to or lessen such amount by estimate of what proportion of the total cost will be of benefit to the public. The provision of the section in this regard does not apply where the city authorities fix the amount to be paid by general taxation. See *Enos* v. *City of Springfield*, 113 Ill. 65.

This question was passed upon by this court in *Fagan* v. *City of Chicago*, 84 Ill. 231, where there had been an assessment under this form of ordinance, and on the trial, on confirmation of the assessment, the court had excluded the question what proportion of the total cost of an improvement would, in the opinion of the witness, be of benefit to the public. We there said: "This question was wholly irrelevant. The court was not trying, nor was it authorized to try, what, if any, benefit the improvement would confer on the public. That was a question which belonged to the city government, and could not be reviewed by the trial court." The correctness of this decision was recognized in *Bigelow* v. *City of*

6—115 ILL.

*Chicago,* 90 Ill. 53. And see *City of Galesburg* v. *Searls,* 114 Ill. 217.

It is thought by counsel there was error in the decision in the *Fagan case* in confusing the privilege of the city council of deciding how much of the cost shall be raised by special assessment and how much by general taxation, with the duties of the commissioners, under section 139, in making the assessment. But where the ordinance provides how much of the cost shall be paid by general taxation, as we hold this ordinance did, then that is to be the amount which is so to be paid, and neither more nor less. Now, if the commissioners were to estimate what the public benefit would be, and fix it at a different amount from that provided by the ordinance as to be raised by general taxation, then the commissioners, and not the city council, would be determining the amount to be raised by general taxation, for the amounts assessed to the public as public benefits are paid out of general taxes. The determination of the city council by the ordinance in question was controlling in the matter of what was to be paid by the public, as held in the *Fagan case.*

The other excluded question was: Of the total cost of $639.54, what would be the proportionate share of the cost of the improvement that a particular block (block 10,) would sustain? Upon asking the question, the court remarked: "Counsel will be allowed to state and make comparisons between the amounts assessed against the property mentioned in said question, and the amounts assessed against all the lots and tracts assessed." The counsel rejected the modification, and the question as propounded was not answered. It follows, from what has been said, that the court's limitation of the question was correct. The proper inquiry was as to the proportionate share of the amount assessed against all the property, and not of the total cost of the improvement. (See *Bigelow* v. *City of Chicago, supra.*) We find no error in the exclusion of the question asked.

A further point is made, that the ordinance is invalid and the assessment void because the ordinance combines in one proceeding two improvements treated as one. The ordinance provides for the construction of a sidewalk on both sides of Bryson street, from Leavitt street to Western avenue, a quarter of a mile in distance. It is said: "The sidewalk on the north side is one distinct improvement, having no connection, physically, with the benefits it will confer on property to be benefited by the sidewalk on the south side of Bryson street. Each sidewalk confers peculiar and distinct benefits." Each sidewalk confers peculiar benefits, and so it does common benefits, to a greater or less extent, to property on both sides of the street. To constitute one improvement it is not necessary there should be physical connection between different portions of it. The improvement here was upon one and the same street, and being upon its two sides only, by the building of a sidewalk, and not an improvement of the street in its entire width, did not constitute two improvements.

The judgment will be affirmed.

*Judgment affirmed.*