EMANUEL PFEIFFER *et al.*

*v.*

THE PEOPLE *ex rel.* George McCormick, County Collector.

*Opinion filed December 22, 1897.*

1. SPECIAL TAXATION—*operation of amendment of 1895 to section 17 of article 9 of City and Village act.* The amendment of 1895 to section 17 of article 9 of the City and Village act (Laws of 1895, p. 100,) merely limits the amount of special taxes against contiguous property to the amount they will be benefited by the improvement, and leaves that question to the determination of the court.

2. SAME—*amendment of 1895 does not abolish all distinction between special taxation and special assessments.* The amendment of 1895 to section 17 of article 9 of the City and Village act does not abolish all distinction between special taxation and special assessments, but takes from the city council the power to conclusively determine for itself the question of benefits.

3. SAME—*special taxation ordinance is still prima facie sufficient to support the judgment.* A special taxation ordinance, and the assessment

roll thereunder, are *prima facie* sufficient to support a judgment of confirmation entered by default, though no reference to the question of benefits is made in the ordinance.

4. SAME—*objection that property is taxed more than benefited should be made at confirmation.* An objection that property is specially taxed more than it is benefited must be made at the time of application for judgment of confirmation, and comes too late on application for judgment of sale for the delinquent tax.

5. SAME—*when judgment confirming a special tax will be sustained.* Where a special taxation ordinance, and the proceedings thereunder, conform to the law as it stood prior to the amendment of 1895 to section 17 of article 9 of the City and Village act, and judgment has been rendered confirming the tax, the judgment will be conclusive, in a collateral proceeding, that the property was not taxed in excess of the benefits derived from the improvement.

6. SAME—*effect where tax is levied against lots jointly, instead of severally.* The fact that a special tax is levied against two lots, owned by the same party, jointly, instead of severally, will not invalidate the tax in a collateral proceeding, as it will be presumed, in the absence of evidence to the contrary, that some good reason existed for listing them together. (*Howe* v. *People*, 86 Ill. 288, and *Louisville and Nashville Railroad Co.* v. *City of East St. Louis*, 134 id. 656, distinguished.)

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

J. H. & L. D. YAGER, for appellants.

JOHN F. McGINNIS, and HENRY S. BAKER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Madison county ordering the sale of certain lots for delinquent special taxes. The city of Alton had passed an ordinance for the improvement of a portion of Twelfth street, in that city, directing the cost to be raised by special taxation. The proper legal steps were taken, an assessment roll was returned into court, and the same confirmed, no one objecting. Appellants defaulted in the payment of the special tax assessed against their property, and resisted the application of the county collector

for an order of sale. The errors relied on in this court are, both the ordinance and the assessment roll are void.

The objection to the ordinance is, that under section 17 of article 9 of the act for the incorporation of cities and villages, as amended in 1895 by the addition of the proviso, the ordinance should have provided that the special tax levied on any piece of property should not exceed the special benefits which such property would receive from the improvement. That section, as amended, is as follows: "When said ordinance under which said local improvement shall be ordered shall provide that such improvement shall be made by special taxation of contiguous property, the same shall be levied, assessed and collected in the way provided in the sections of this act providing for the mode of making, levying, assessing and collecting special assessments: *Provided*, that no special tax shall be levied or assessed upon any property to pay for any local improvement, in an amount in excess of the special benefit which such property shall receive from such improvement. Such ordinance shall not be deemed conclusive of such benefit, but the question of such benefit and of the amount of such special tax shall be subject to the review and determination of the county court, and be tried in the same manner as in proceedings by special assessments." (Laws of 1895, p. 100.)

The ordinance contained no reference to the question of benefits, but was somewhat loosely drawn, barely conforming to the practice which prevailed under the statute and decisions of this court prior to the enactment of the proviso to section 17, and after providing that the street intersections and crossings should be paid for by general taxation, and that the right of way of the street railway company should be improved at the cost of said company, it then provided that the rest of the improvement should be paid for by a special tax to be levied upon the abutting lots and lands. We are of the opinion that this ordinance would have been sufficient prior to the

amendment of section 17, for, as the law then stood, local improvements could be made and paid for by special taxation of contiguous property without any determination as to benefits, except such as was made by the council in passing the ordinance. (*City of Galesburg* v. *Searles,* 114 Ill. 217.) The only change introduced by the amendment in question is to limit the amount which may be assessed against any lot or tract to the amount it will be benefited by the improvement, and to make that question a subject for review and determination by the county court. Formerly the ordinance was conclusive as to the question of benefits,—now it is only *prima facie* evidence thereof; and if any land owner is not satisfied with the assessment against his property, he may appear in the county court and show, if he can, that his property has been assessed more than it will be benefited by the improvement. In view, however, of the construction which had been given to the statute by this court prior to the amendment, and from the language of the amendment itself, it seems clear that, where the ordinance and proceedings under it conform to the law as it stood before the amendment was adopted, and judgment has been rendered confirming the assessment, the judgment will be conclusive in a collateral proceeding, as in this case, that the property was not assessed in excess of the benefits to it. The amendment provides that the ordinance shall not be conclusive of the question, but that it shall be subject to the review and determination of the county court. It follows, we think, that the ordinance and assessment are still *prima facie* sufficient to support the judgment, though no reference to the question of benefits be made in the ordinance.

There is nothing in this record to show, and it could not have been shown in this collateral proceeding, that the total amount of the special tax required to be assessed exceeded the total amount of special benefits, and that the council exceeded its powers, and that the ordi-

nance is void for that reason. It is therefore not neces-
sary to decide what the effect of such a showing would
be where the ordinance requires the whole cost to be as-
sessed upon the contiguous property. The commission-
ers were bound to take notice of the statute, whether its
provisions were incorporated in the ordinance or not, and
in their report in this case they certified, among other
things, that they made the assessment in accordance with
the statute.

We are referred to *Greeley* v. *People*, 60 Ill. 19, *Crawford*
v. *People*, 82 id. 557, and other cases, as maintaining the
contention of appellants. Those were cases relating to
special assessments, and not special taxation, and arose
under different statutes.

The statute does not have the effect of abolishing all
distinctions between special taxation and special assess-
ments, as contended by counsel, but it takes from the city
council the power to conclusively determine for itself the
question of special benefits, and makes the question of
such benefits and special tax subject to review and de-
termination in the county court.

Nor is the objection well taken that the commission-
ers did not estimate what proportion of the total cost of
the improvement would be of benefit to the public and
what proportion to the property benefited. That ques-
tion had been settled by the ordinance, and as it does not
appear that the city council exceeded its powers in pass-
ing the ordinance, the judgment of confirmation is not
void for the reason alleged. *Watson* v. *City of Chicago*,
115 Ill. 78.

In *City of Sterling* v. *Galt*, 117 Ill. 11, it was said (p. 17):
"When the cost of a local improvement is to be raised, in
whole or in part, by special taxation, the ordinance itself
must either state the sum or give the data by which the
commissioners can fix the amount to be thus raised, and
when so fixed or ascertained, in conformity with the or-
dinance, it is conclusive on the property owners." And

it was there further said that in cases of special taxa-
tion the municipal authorities, if they think proper, may
impose the whole burden upon the contiguous property.
While this cannot now be done where such tax exceeds
the benefits, in view of the amendment to section 17, it
may, however, still be done when, as in this case, it does
not appear that there is any such excess of the special
tax over the special benefits.

In *Newman* v. *City of Chicago*, 153 Ill. 469, it was held
that where the ordinance provided that the improvement
should be paid for by special assessment, the commis-
sioners might nevertheless assess a portion of the cost
to the city, which would necessarily be paid by general
taxation. As the law then stood this could not have been
done in a case of special taxation, and whether or not it
might now be done, in view of the said amendment, where
it is made to appear that the cost of the improvement ex-
ceeds the special benefits, is a question not involved here.
In this collateral proceeding the judgment of confirma-
tion cannot be attacked unless it is based upon a void
ordinance, or is itself void for some other sufficient cause.
If the appellants desired to test the question whether
their property was assessed more for this improvement
than it was actually benefited, they should have filed
their objections to the assessment roll before the con-
firmation, and, as was done in *Illinois Central Railroad Co.*
v. *City of Wenona*, 163 Ill. 288, they could then have con-
tested the question before a jury, if they desired to do so.

The last objection is, that appellant Emanuel Pfeiffer
was assessed for lots 7 and 8 the sum of $375.36, and that
appellant Eliza Pates was assessed for lots 1 and 16 the
sum of $236.60; that such method of assessing is contrary
to the statute, and therefore invalid. The statute re-
quires that the tax shall be assessed to the several lots,
blocks, tracts and parcels of land in the proper propor-
tion. In *Mix* v. *People*, 116 Ill. 265, it was said (p. 276): "It
is objected that some of the lots were assessed jointly,

and not separately, as required by the statute. The presumption should be indulged in favor of the proceedings of the assessor, that the lots were so situated that their value could not be ascertained separately, as, if one building had covered parts of both." In *Moore* v. *People*, 106 Ill. 376, an assessment on a tract of 420 acres was sustained, the court saying, "the land of appellant was located in the same section, in a body, and for the purposes of this assessment may be regarded as one tract of land,"—citing *Spellman* v. *Curtenius*, 12 Ill. 409. In 25 Am. & Eng. Ency. of Law (p. 223) it is said: "Where two or more lots or tracts adjoin each other, and are used and occupied as one, they may be assessed as a single tract,"—citing cases in Kansas, California, Iowa, Rhode Island, New Jersey, and other States. There is no showing made that any injustice has resulted to appellants from assessing their lots together, and it will be presumed that there was some good reason for listing them as one tract.

This case is not like that of *Howe* v. *People*, 86 Ill. 288, where three separate tracts of land, two of them belonging to other parties, were valued and assessed aggregately against Howe. Neither is it like *Louisville and Nashville Railroad Co.* v. *City of East St. Louis*, 134 Ill. 656, where "parts of blocks 8 and 9 and right of way across Broadway" were assessed a lump sum, and the whole assessment roll showed that the assessments had been made on the property owners, rather than on the property itself.

None of the objections urged can prevail in this proceeding, and the judgment below, being correct, should be affirmed. Judgment will therefore be entered against said lots 7 and 8 in block 30, and said lots 1 and 16 in block 23, in Pope and others' addition to the city of Alton, in the State of Illinois, for the special taxes and costs so assessed against them, respectively,—that is to say, against said lots 7 and 8 for $375.36 and against said lots 1 and 16 for $236.60, together with damages on each

of said amounts of five per cent thereof, and costs; and an order will be entered that the respective amounts, if any, deposited with the collector by the respective appellants be credited upon the judgment against their said lots as required by the statute, and that execution issue for the balance, if any, of such judgment, damages and costs.   The appellants will pay the costs of this court.

*Judgment affirmed.*