MARTIN H. KILGALLEN *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

SPECIAL ASSESSMENTS—*engineer's estimate cannot be made a part of the record of resolution by reference.* The provision of section 7 of the Local Improvement act that the engineer's estimate of cost shall be made a part of the record of the first resolution can only be complied with by incorporating such estimate in the record, and not by a reference to the estimate on file.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

JOSEPH H. FITCH, for appellants.

WILLIAM M. PINDELL, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment entered by the county court of Cook county confirming a special assessment for the improvement of a system of streets in the

city of Chicago, known as the West Montrose avenue system.

It was contended on the hearing, which contention is renewed here, that the estimate of the engineer of the cost of the improvement was not made a part of the record of the first resolution of the board of local improvements, and that by reason of such fact the ordinance providing for the improvement was void, and that a judgment of confirmation could not be properly entered confirming an assessment based thereon, against objectors' property. The first resolution is, in part, as follows: "Be it resolved by the Board of Local Improvements of the city of Chicago, that a local improvement be and the same is hereby originated, to be made within the city of Chicago, * * * the estimate of the cost of such improvement made by the engineer of the board being $112,000, which said estimate is hereby referred to and made a part of this resolution by reference."

In *Bickerdike* v. *City of Chicago*, 203 Ill. 636, it was held that the provision of section 7 of the Local Improvement act of 1897, that the board should cause an estimate of the cost of the improvement to be made in writing by the public engineer, over his signature, which shall be itemized to the satisfaction of the board and which shall be made a part of the record of the first resolution, is mandatory, and that no valid ordinance could be passed or valid assessment for a local improvement be made without complying with said provision of the statute. An attempt has been made here to comply with section 7 of said act by making the estimate of the cost of the improvement a part of the record of the first resolution by reference to the estimate, and the question here presented for decision is, can the estimate of the cost of the improvement be made a part of the "record of such resolution" by that method? We are of the opinion the engineer's estimate of the cost of the improvement cannot thus be made a part of the record of said resolution. The

statute in express terms provides that the resolution shall be at once transcribed into the records of the board and that the engineer's estimate shall be made a part of the record of the resolution. The statute is to be strictly construed, as it is intended for the protection of the property owner, (*Clarke* v. *City of Chicago*, 185 Ill. 354; *Bass* v. *City of Chicago*, 195 id. 109;) and can only be complied with by incorporating in the record the estimate as a part of the record of such resolution, and not by a mere reference to the estimate on file, as the record is the source of information upon which the property owner may rely. In *City of Sterling* v. *Galt*, 117 Ill. 11, it was held that a reference to specifications on file in the city clerk's office was not a compliance with the provisions of the statute to the effect that an ordinance for a local improvement must specify therein the nature, character, locality and description of the improvement. The court, after stating that such requirement of the statute was mandatory, on page 20 said: "The fact that specifications are referred to as being in the city clerk's office cannot alter the case. That is not a source of information which the law recognizes in these matters. The statute, whether for wise or unwise purposes, has required this information to be inserted in the ordinance itself." To the same effect are *Village of Hyde Park* v. *Spencer*, 118 Ill. 446, and *Steele* v. *Village of River Forest*, 141 id. 302. In the *Bickerdike case*, in commenting on the failure to make the engineer's estimate a part of the record of the resolution, on page 639 it was said: "The proceedings prior to the adoption of the ordinance required by the statute are jurisdictional, without which no valid ordinance can be passed and consequently no valid assessment be made. The requirement of the statute is plain and reasonable. Failure to comply with it cannot be excused."

The judgment of the county court will be reversed and the cause remanded.    *Reversed and remanded.*