[No. 5823.]

## THE CITY OF PUEBLO V. WINTERS ET AL.

**Municipal Corporations—Public Improvements—Special Assessments**—An ordinance providing that the council might, by a mere order, require sidewalks to be constructed, in such location, and of such material as should be specified in the order, an order not designating the material of which a walk is to be constructed will not sustain an assessment for its cost.—(256)

An ordinance, subsequently passed, providing that sidewalks should be of stone, brick or cement, cannot be invoked to supply the defects of the order.—(256)

*Error to Pueblo District Court*—Hon. N. WALTER DIXON, Judge.

Mr. D. A. HIGHBERGER, Mr. JOHN A. MARTIN, Mr. W. O. PETERSON, and Mr. E. E. HUBBEL, for plaintiffs in error.

Mr. JAMES H. TELLER, and Mr. J. H. McCORKLE, for defendants in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought by the defendants in error to enjoin the enforcement of a special assessment levied for the construction of sidewalks. An ordinance of the city provided that the city council may, without the passage of an ordinance, order that sidewalks be constructed in such location, of such material and for such distances as may be specified in the order.

On May 11, 1903, certain proceedings were had by the city council, assumed to be pursuant to the said ordinance, and which proceedings, in view of a later ordinance, the city now contends were sufficient to constitute an order. Assuming that the proceedings were an order, such order, among other things, failed to designate the material of which the walk

should be constructed, as the ordinance required. Such requirement in the ordinance was mandatory, and without a designation of the material the order was insufficient.—*City of Sterling v. Galt,* 117 Ill. 11 at 20; *City of Lowell v. Wheelock,* 11 Cush. (Mass.) 391.

On June 15, 1903, over a month after the aforesaid proceeding, an ordinance was passed, providing, among other things, that all sidewalks in the city should be of stone, cement or brick, and the city now contends that this ordinance sufficiently designated the material and gave effect to the order of May 11th. It was impossible for the order of May 11th to refer to or embrace an ordinance not then in existence, and besides the effect of the ordinance of June 15th was not to permit an owner to select one of the three materials out of which to construct a walk when ordered, but to limit the city council to the designation of one or more of the three materials in an order for the construction of a walk.

For the reasons aforesaid, the judgment will be affirmed.                                         *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.