### HOFFMAN et al. v. MITCHELL.

(Circuit Court of Appeals, Seventh Circuit. November 6, 1912.)

No. 1,900.

1. Gas (§ 7*)—Gas Companies—Rights in Streets—Lowering of Pipes to Conform to Grade.

    A franchise granted to a gas company to lay its pipes in an ungraded street, in the absence of any provision on the subject, does not confer on the company any property rights in the street which are not subject to the public requirements, or relieve it of the duty of lowering the pipes at its own expense, when made necessary by the grading and paving of the street.

    [Ed. Note.—For other cases, see Gas, Cent. Dig. § 2; Dec. Dig. § 7.*]

2. Gas (§ 7*)—Gas Companies—Rights in Streets—Expense of Lowering Pipes.

    Where neither an ordinance providing for the grading and paving of a street nor the estimate required by statute for letting the contract contained any provision with respect to the pipes of a gas company therein, a general provision in the printed form of specifications used, which were not even filed as a municipal record, requiring the contractor to remove or adjust all such pipes at his own expense, does not inure to the benefit of the gas company, to relieve it of the obligation to pay the expense of such removal.

    [Ed. Note.—For other cases, see Gas, Cent. Dig. § 2; Dec. Dig. § 7.*]

Appeal from the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Petition in equity by John H. Mitchell, receiver of the Mt. Carmel Gas & Electric Company, against F. G. Hoffman and R. R. Townsend, partners as Hoffman & Townsend. From the order entered, respondents appeal. Reversed.

This appeal is from an order of the District Court, made under a petition filed by the appellee—as receiver of the property of the Mt. Carmel Gas & Electric Company, appointed by the court in a cause pending therein—for a restraining order against the appellants and rule entered thereupon requiring

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the appellants to show cause "why they should not be held in contempt" for interference with property held by the receiver, as alleged in the petition, and restrained from further interference. The proceedings up to the entry of the order appealed from were:

An answer to the petition, setting forth the appellants' action in the premises, under a contract let by the city of Mt. Carmel, pursuant to an ordinance thereof, for improvement of Mulberry street, by paving the same; that they were required to excavate such street to an established grade, and in the course of the excavation pipes of the above-mentioned corporation, placed above such grade line, were found in such street, within the area to be excavated, but were unknown to the appellants when they entered upon the work; that their contract made no provision in respect of such pipes; that they advised the superintendent of such corporation of the facts, and agreed with him that they would lower the pipes, keep account of the expense, and leave the question of liability for the expense "to be determined by some appropriate legal proceedings"; that they proceeded with the excavation, and had "uncovered the greater portion of said mains," before they were informed by the receiver that their arrangement with the superintendent was not approved by him; that such receiver insisted upon their lowering of the pipes "at their own expense, which they refused to do"; and their good faith in the premises is well averred, together with the averment that they would have applied to the trial court for leave to proceed with the work, had they understood such leave to be needful. With leave of the court, the appellants also filed a petition thereupon, called in the record a "cross-petition," praying leave to proceed with the excavation, and that the receiver be required to lower the pipes and bear the expense thereof to enable the improvement to be carried on. An answer to this so-called "cross-petition" was filed by the receiver; also replication to the above-mentioned answer to his petition. Thereupon an order was made, in substance, that "these said proceedings be continued generally," that the appellants be restrained from further interference "until the further order of this court," and "that the cross-petition of" the appellants be referred to Master in Chancery Gunn, to take testimony upon the issues thereunder and report the same, "together with the conclusions of law and fact thereon." Testimony was so taken and reported by the master, with findings of fact and conclusions of law in favor of the appellants, and that they were entitled to relief as prayed. Exceptions to the master's conclusions of law were filed on behalf of the receiver, and upon hearing of the matters the order appealed from was entered, as follows:

"The cross-petition of Hoffman & Townsend for an order on the receiver to lower the pipes on Mulberry street in the city of Mt. Carmel, Ill., and the exceptions of the receiver to the report of the master in chancery in said cause coming on to be heard, and the court, having heard the arguments of counsel and being fully advised in the premises, does hereby sustain the exceptions as filed to said report of the master in chancery, and the cross-petition of Hoffman & Townsend is by order of court hereby dismissed; and the said Hoffman & Townsend, who have heretofore been cited to appear to show cause why they were not in contempt of court, are hereby directed and ordered by the court to pay to John H. Mitchell, receiver of the Mt. Carmel Gas & Electric Company, the sum of eight hundred seventy-six and $1/100$ dollars ($876.01), which amount is the amount agreed upon by the parties interested as the cost of replacing and putting in condition the property of the Mt. Carmel Gas & Electric Company on Mulberry street in the city of Mt. Carmel, in the county of Wabash and state of Illinois, and putting the property in equally as good condition as the said Hoffman & Townsend found it; and that on payment of the said sum of eight hundred seventy-six and $1/100$ dollars ($876.01) within sixty days, and the same being reported to this court, that then the rule be discharged; that the same be in full satisfaction of the contempt complained of, and otherwise to remain in full force and effect until the further order of this court."

George F. Rearick and James A. Meeks, both of Danville, Ill., and P. J. Kolb, of Mt. Carmel, Ill., for appellants.

Walter C. Lindley, of Danville, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The order or decree from which this appeal is brought may rightly be treated as final in the controversy, under our understanding of the issues presented, although it does not expressly determine the question of contempt mentioned in the rule to show cause entered upon the filing of the receiver's petition for a restraining order against the appellants, pending direction of the court in the premises. All parties in interest were before the court, and all their matters in controversy were there submitted for hearing, with the issues (both of law and fact) well defined. The findings of fact, as reported by the master with the testimony, were not within the exceptions filed on behalf of the receiver and sustained by the court, so that both findings and testimony were plainly cognizable for final determination of the entire controversy upon the merits. In accord with this view, as we infer, the order overrules (in effect) the master's conclusion of law that appellants "are entitled to the relief prayed for in their cross-petition," and dismisses such (so-called) cross-petition. . It then proceeds under the citation: That the appellants are "directed and ordered by the court to pay" to the receiver $876.01, as "the amount agreed upon by the parties interested as the cost of replacing and putting in condition the property of the Mt. Carmel Gas & Electric Company on Mulberry street," that on payment of such sum within 60 days, and report thereof to the court, "the rule be discharged," and "that the same be in full satisfaction of the contempt complained of, and otherwise to remain in full force and effect until the further order of the court."

Whatever may be the import of these references to the rule to be discharged upon "satisfaction of the contempt complained of," we believe each of the petitions before the court presented only this ultimate question of law: Was it the duty of the receiver, not only to lower and place the pipes of the Gas & Electric Company, in conformity with the grade of the street, but to bear the expense of such work? Or, were the appellants legally chargeable for the expense thereof? Neither the facts averred in the receiver's petition, nor any evidence in the record, as we believe, involve conduct in the nature of contempt of the authority of the court in the premises. The petition shows that the pipes were located in Mulberry street, within the grade lines for which grading was in progress under an ordinance of the city for improvement of the street; that the only action complained of was the public work thus carried on by the appellants as contractors under the ordinance, in excavation of the street and thereby reaching and uncovering the pipes so located above grade line; and that, without other interference, the above-mentioned question was in controversy between the receiver and the appellants. For determination of that issue, the trial court granted leave to the appellants to file their

so-called cross-petition to that end. Issue was joined thereupon and referred to the master for hearing; and it further appears that all subsequent proceedings for lowering the pipes were arranged between the parties, leaving alone to be ascertained the liability of one or the other party for the expense thereof. , In the absence of any order or direction of the court in the premises, we do not understand that the operations of the appellants above mentioned, either constituted an invasion of property rights in custodia legis, in any sense amounting to contempt, or that it was so treated by the trial court when the issue upon the merits was allowed and referred, as above stated. So the contentions on the part of the appellee in the present argument, as to the effect of the alleged contempt, are without force, and the issue of law, presented by the master's findings of fact and ruling thereupon, plainly arises for determination.

[1] The ordinances of the city of Mt. Carmel, pursuant to which the appellants entered into the contract and performed the excavation, were one establishing the grade of Mulberry street—which had not been established when the pipes in controversy were placed by the owner—and the other providing for improvement and paving of the street at the expense of abutting property, upon estimates to be made and filed and contracts to be let in conformity with statute. Their validity is not challenged, nor are the pipes mentioned in either ordinance; and neither of the franchises under which the heating and gas pipes respectively are placed by the owner in Mulberry street contains any provision purporting to relieve the owner of the usual duty to adjust their location in conformity with the grade line, whenever improvement of a street was required. Thus, whatever grant of use in a street may be within the power of a municipality, we believe the doctrine to be settled that the franchises above mentioned confer no property rights which are not subject to the public requirements for changing their location, at the expense of the owner, without compensation from the municipality or abutting owners. New Orleans Gas Co. v. Drainage Comm., 197 U. S. 453, 25 Sup. Ct. 471, 49 L. Ed. 831, and authorities there cited.

[2] Support for the order, therefore, rests on the proposition that the municipality required the contractors to lower these pipes, under the terms of the contract for the improvement. It is unquestioned that neither the ordinance, nor the estimate required by statute for letting the contract, contained any provision for such undertaking or expense, and the sole basis for the contention appears in a paper in evidence, entitled "Specifications for Mulberry Street Improvement," containing among the printed "General Requirements" this clause:

"Section 9. The contractor shall at his own expense remove or adjust all sewer drains, gas, or water mains, or any other property that may be in the way of this improvement, and will be held responsible for any damages done thereto."

We are impressed with no view of the clause referred to which would authorize the interpretation thus sought in favor of the appellee as provision on the part of the municipality to relieve the owner of his duty to lower the pipes and make the expense thereof a public

charge. Under the facts above stated the municipality was neither required nor authorized to do so, and no provision to that end was made in the ordinance or estimate. Presumptively, it was not the purpose of the authorities thereof, through these general terms of the printed form of specifications for public work, to confer such benefit as a gratuity, chargeable as an expense of the improvement, to be borne by the abutting lot owners. It further appears, however, that the so-called "specifications" above mentioned were unauthenticated as an act of the municipality. The master found, in accord with the evidence, that they were not even filed in the office of the city clerk, as referred to in the contract and required by statute, but appeared only in the office of the county surveyor, who was not an officer of the city. While incorporation in the ordinance may not be required under the present statute—as theretofore held in City of Sterling v. Galt, 117 Ill. 11, 7 N. E. 471—no doubt is entertainable that they must be made a part of the record for authentication as a municipal requirement (Kilgallen v. Chicago, 206 Ill. 557, 559, 69, N. E. 586), and that the clause relied upon was inadmissible for any purpose of the issue, if not for all purposes.

The order of the District Court, therefore, cannot be upheld under the evidence, and the report of the master was erroneously overruled. Such order is reversed accordingly, with direction to dismiss the proceedings against the appellants, and grant the relief prayed in their (so-called) cross-petition.