## J. H. BROWN, Appellant, *v.* THE CITY OF JOLIET, Appellee.

### APPEAL FROM WILL.

A judgment for an assessment against lots or lands within a city, should be special, and a precept should issue against the lots or lands assessed. A general judgment and execution would be wrong.

On an appeal from the County to the Circuit Court, in matters of assessment, the trial is *de novo*, and the Circuit Court does not acquire by appeal any jurisdiction beyond that of the County Court.

Before a court can render judgment for an assessment, the amount assessed should appear in dollars and cents; but the return of the commissioners appointed to make the assessment, may be amended under the statute of Jeofails.

THIS was an appeal from County Court of Will County to the Circuit Court, showing appeal to be from a judgment rendered on a special assessment of taxes on real estate of appellant by the city of Joliet, for improvement on Jefferson street.

Philip Filer, as city collector of the city of Joliet, filed with the clerk of Will County Court, a list of real estate, upon which he alleges he has been unable to collect special taxes due thereon, with his petition for a judgment, and order of sale.

The city collector applied for judgment in Will County Court, against real estate on which special taxes have been levied, lying on both sides of Jefferson street, to improve said street from Chicago street to the river bridge.

Description of the property of Brown, appellant, against which the collector applies for judgment, with the different items of taxes, amounts, etc., as follows:

| Names of Owners.    Part of Lot. | Lot. | Block. | Sidewalk Tax. | Grading. | Crossing and Sewerage Tax. | Costs. | Total Tax. |
|---|---|---|---|---|---|---|---|
| Old Town of Joliet. | | | | | | | |
| 22 ft. west end, | 1 | 27 | | | 50.60 | 1.44 | 52.04 |
| 22 ft. com. 25 ft. from west end, | 8 | 27 | 11.11 | | 61.60 | 2.00 | 74.71 |
| 15 ft.  "  47 ft.  "  "  " | 8 | 27 | 7.58 | | 42.00 | 1.42 | 51.00 |

Affidavit of city collector appended to the above return.

A hearing was had on said petition, the exceptions overruled, and judgment " entered against the aforesaid lots and blocks and parts of lots and blocks in favor of the city of Joliet," for the sum annexed to each lot and block, and parts of lots and parts of blocks, being the amount of taxes or assessments and costs due severally thereon, and order for sale of same.

Appeal prayed by Brown to Circuit Court of Will county, and granted.

At May term of Circuit Court, 1857, a jury was waived and agreement was made to submit case to court, DAVIS, Judge of the eighth circuit, presiding.

A judgment was rendered against Brown, for $172.89 and costs, no judgment being against the lots specifically.

Assignment of errors, as follows :

1st.   That the court below allowed improper evidence to be given on the trial, by defendant in error.

2nd.   That the evidence introduced in the case in the court below, was wholly insufficient to authorize the rendition of the judgment therein.

3rd.   That the transcript of the County Court of Will county and evidence in the case, given in the Circuit Court on the trial of the case, showed conclusively that the County Court, from which the appeal was taken to the Circuit Court, had no juris-diction to enter judgment, and the suit should have been dis-missed in the Circuit Court, and judgment entered against the appellees for costs.

4th.   That the return of Philip Filer as city collector, and his collector's warrant and delinquent list, were entirely insufficient to authorize the rendition of any judgment against the said appellant, or the property returned, and no evidence was given or offered, on the trial, supplying the defects therein, sufficient to authorize the rendition of the judgment against the appellant Brown, in said suit, and the Circuit Court was not authorized to take juris-diction in the case.

5th.   That no assessment or valuation of the property, on which a tax or assessment was purported to be levied, was ever made, and no evidence introduced showing any amount of taxes or assessments made in dollars and cents, and no characters used showing or denoting that any tax or assessments were made in dollars and cents.

6th.   That the judgment was improperly and erroneously rendered against the appellant Brown, and directing execution to be issued against him, when the judgment should have been rendered against the city of Joliet for costs.

7th. That the said judgment rendered is contrary to the evidence and the law, and contrary to the constitution of the State of Illinois and of the United States, and the court had no jurisdiction to render such judgment, and other errors, etc.

U. OSGOOD, for Appellant.

J. E. STREETER, for Appellee.

WALKER, J. It is urged that this is a special proceeding authorized only by statute, and by its provisions no authority is conferred upon the court to render a general judgment with award of execution against the goods and chattels, of defendant. The second section of the act approved March 1, 1854, (Scates' Comp. 202), authorizing the levy and collection of special assessments for improving streets, etc., in cities and towns, provides, that in case such assessments are not paid within the time fixed by the order, resolution, or ordinance making the assessment, the corporate authorities of the town or city may apply to the County Court of the proper county for judgment against such lot or real estate, for the amount of such assessment and costs ; and the County Court on such application being made, shall render judgment against such lot or real estate for the amount of the assessment and costs, and shall issue its precept to the sheriff of the proper county commanding him to sell such lot or real estate, or so much thereof as may be necessary to pay the judgment and costs, in the manner and with the like effect as if sold on execution at law." By the provisions of this section authority is only conferred upon the County Court to render judgment against the land, and to issue a precept for its sale. It cannot be insisted that the court has any jurisdiction of the subject matter, or of the parties beyond that conferred by this section. No such general jurisdiction is incident to County Courts as organized in this State. And when the case comes before the Circuit Court for a trial on appeal, the trial is to be *de novo,* and the court by the appeal acquired no other or different jurisdiction of either the person or subject matter, than that possessed by the County Court. The trial in the Circuit Court, and its judgment should have been that authorized and required to have been rendered by the County Court. The statute only authorizes the rendition of a judgment against the property, and the proceeding is in *rem,* and it was error to render a general judgment and to award a *fieri facias* execution.

It was likewise insisted that neither the return of the commissioners, the order of confirmation, or judgment of the County

Court, showed an assessment in dollars and cents against this property. The return and the order of confirmation show amounts in figures opposite these lands, but there is connected with them no mark, character or word indicating what they represent. And before the court could render a judgment for the assessment it should be made to appear what amount had been assessed in dollars and cents against the property charged. The 3rd section of the statute of Amendments and Jeofails, (Scates' Comp. 250), authorizes and permits amendments in the returns of all officers and persons to process. This was a commission issued to these men to execute by levying and returning the assessment when made, and their report is the return to the commission ; and it is process issued by the city council. And the provisions of this section are sufficiently comprehensive, to authorize an amendment of the return of the commissioners. But until it is so amended or it is explained by legitimate evidence, such a return is not sufficient to justify the rendition of a judgment against the land.

There is no other error perceived in the record, than that the judgment was general and awarded a *fieri facias*, instead of a special execution, for the sale of the lands.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*