## GEORGE S. PIDGEON *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1.  REVENUE—*judgment for delinquent taxes.*   The revenue law requires the collector to return a list of lands upon which taxes are unpaid, and the court to render a judgment against the lands, and order a sale of the several tracts, or so much as may be necessary to pay the taxes against the same.

2.  APPEAL — *practice in appellate court.*   The removal of the case to the Circuit Court, does not change the jurisdiction or practice.   A trial *de-novo* should be had, as in the County Court.   And it is error to render a general judgment *in personam* against the defendant, and award execution.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. WESLEY SLOAN, Judge, presiding.

This was an application by the collector, to the County Court, for a judgment against lands for delinquent taxes.   A trial was

16 — 36 ILL.

had, on objections interposed in that court, resulting in a judgment for a sale of the lands. The case was removed to the Circuit Court, by appeal. At the April term, 1863, the cause was tried, and the court rendered a judgment against the defendants for one hundred and forty-nine dollars and thirty-seven cents, and the costs of suit, and awarded execution for its collection.

Defendants in the court below bring the case to this court by a writ of error.

The question is presented, whether the court below erred in rendering a general judgment, and in awarding execution.

Mr. John Dougherty, for the Plaintiffs in Error.

Messrs. M. Bartley, and W. H. Green, for the Defendants in Error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an application to the Pulaski County Court for judgment for taxes assessed against lands which were returned delinquent by the collector. A defense was made, but it was disallowed, and judgment was rendered for the sale of the lands for the payment of the taxes, interest and costs, remaining unpaid. An appeal was prosecuted to the Circuit Court, where a trial was had, resulting in a judgment against appellants, and execution was awarded for its collection; to reverse which the cause is brought to this court. And it is assigned for error that the court rendered a personal judgment and awarded execution.

The thirty-third section of the revenue act, of February 12th, 1853, (Scates' Comp. 1075), declares, that it shall be the duty of the collector to file a list of delinquent lands and town lots, with the clerk of the County Court, at least five days before the commencement of the term at which application for judgment is to be made. The thirty-fifth section requires the court to examine the list, and if defense or objection be made by any

person interested in any such lands, the court shall hear and determine the same, and pronounce judgment as the right of the case may be, and shall direct the clerk to enter an order for the sale of such real property. The form of the order is given in this section, and by it judgment is rendered against the several tracts of land, for the amount due upon each, and an order follows for the sale of the several tracts, or so much thereof as will pay the amount due thereon. This section requires the judgment to be rendered against the lands, and no provision is found in the act authorizing a judgment against the person. The proceeding is *in rem*, and the statute has only conferred a special authority upon the County Court, and it must be pursued.

When the cause was removed to the Circuit Court, the practice or the jurisdiction was not thereby changed. In that court the trial must be *de novo*, and in all respects as if it was in the County Court. By the appeal, a proceeding *in rem* is not changed to one *in personam*. It was the duty of the Circuit Court to hear the defense, and if disallowed, to render such a judgment against the land as is required by the thirty-fifth section of the revenue act. It has not conferred a general jurisdiction upon the Circuit Court to render a general judgment, or to award a *fieri facias* for the collection of the taxes found to be due, and for which the order of sale is made. *Brown* v. *City of Joliet*, 22 Ill. 123. By appeal, the Circuit Court became invested with no other or greater jurisdiction than the County Court, either as to the person or the subject-matter. It was, therefore, error in the Circuit Court to render a general judgment and to award execution, and the judgment is therefore reversed, and the cause remanded.

*Judgment reversed.*