## LOUISIANA ST. JOHN

*v.*

## CITY OF EAST ST. LOUIS.

1. SPECIAL ASSESSMENTS—*rule of equality and uniformity.* An ordinance of a city which provides that the entire cost of the improvement of a street shall be assessed upon property fronting thereon, or which directs that such improvements shall be made at the expense of the owners or holders of the real estate benefited thereby, without regard to the actual benefit conferred upon it by the improvement, is in violation of the constitutional rule of equality of taxation by the corporate authorities of cities and towns.

2. The rule for the assessment of property specially benefited by public improvements, is held to be, to assess each lot for the special benefits it will derive from the improvement, charging such benefits upon the lot, and the residue of the cost to be paid by equal and uniform taxation.

3. JUDGMENT—*on special assessment—its requisites* This is a proceeding *in rem*, and on an appeal to the circuit court, where the trial is *de novo*, no other

judgment could properly be rendered against the lots, than one directing their sale to satisfy the assessment.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

An order was made by the city council of East St. Louis, under the 22d section of the 8th article of the city charter, to macadamize Third street in said city, and that a special assessment be made upon the lots on said street deemed benefited by the improvement, for the entire expense of the same. The appellant filed her objections to the assessment upon certain lots so claimed to be benefited. The city council overruled the objections, and ordered the assessment to be confirmed. An appeal was taken to the circuit court, trial before the court by consent, and judgment for the city, and the lots ordered to be sold to pay the assessment. From this judgment and order an appeal was taken to this court. The further facts appear in the opinion.

Mr. GUSTAVUS KŒRNER, for the appellant.

Mr. WM. H. UNDERWOOD and Mr. L. H. HITE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This record is brought here by appeal from the Circuit Court of St. Clair county, to reverse a judgment of that court in favor of the City of East St. Louis, against Louisiana St. John, for the amount of a special assessment for macadamizing Third street, on which defendant was the owner of several lots.

It is admitted by the parties that the work was done by the city, under an ordinance numbered 26, and before the passage of the ordinance numbered 55.

Ordinance 26 was passed and approved May 8, 1866, the 2d section of which provides, in substance, as follows :

"All such grading, paving, repairing, or other improve-ments, shall be done in conformity with the grade of such street, avenue or alley, under the direction of the city engi-neer; and all such grading, paving, &c., shall be done at the expense of the holders or owners of the lots adjoining such grading, paving," &c.

Sec. 3, provides,

" If any owner or holder of any lot or part of a lot fronting on any street, alley or sidewalk, where such improvements or repairs are to be made, shall neglect to make such improve-ments or repairs in conformity with the resolution of the city council, or the ordinances of the city, the city engineer shall contract for the same to be done at the cost and expense of the city, and shall make his report of the expense thereof to the city council, and the city council shall levy a special tax on such lot or part of a lot respectively, which tax shall be of sufficient amount to cover the expense of such improvement or repairs, together with all costs and expenses connected therewith."

Ordinance 55, approved August 5, 1867, is a re-publication of ordinance 26, with some additional provisions, and with some changes which need not be noticed, except as to sec. 3, quoted above. In ordinance 55, that section is as follows :

"All such grading, paving, repairing or other improvements, shall be done in conformity with the grade of such street, avenue or alley, under the direction of the city engineer, by or at the expense of the owners or holders of the real estate benefited thereby, unless otherwise directed by the city council."

Several objections are made by appellant's counsel to this assessment, and to the judgment of the court for the amount thereof, the most important of which is, that the assessment is in violation of sec. 5 of article 9 of the constitution of the State, which provides for equality of taxation by the corporate authorities of cities and towns.

This court held, in the case of *Larned* v. *The City of Chicago*, 34 Ill. 203, a case fully considered, that the great object of the constitution was to secure the owners of property in this State against arbitrary, unequal and unjust burthens for the support of the government, either State, county, or municipal.

In that case, an assessment had been made for paving a street, on the basis of the frontage of the lots bordering upon it, each lot having been assessed to the amount of the cost of the improvement in front of it, without regard to the actual benefit conferred upon the property assessed. This we held to be a violation of that rule of equality of burthens prescribed by the constitution—that the true rule was, " to assess each lot for the special benefits it will derive from the improvement, charging such benefits upon the lot, and the residue of the cost to be paid by equal and uniform taxation." And in the case of *The City of Ottawa* v. *Spencer*, 40 ib. 211, the same rule was applied, for a like assessment, for the construction of a sidewalk. In *Bedard* v. *Hull*, 44 ib. 91, an assessment for paving a street was sustained under an ordinance which provided that each lot should be assessed to the amount of the actual benefit which would be conferred upon the lot by the improvement, and taxing the public for the deficiency by an equal and uniform tax, or out of the fund made up by taxation.

In these rulings, that measure of justice and equality which are the great objects of the constitution, will be recognized, and which it is the plain duty of this court to enforce without any evasion.

The record in the case now before us, as in the Larned case, shows that each lot in front of which the improvement is made, is burthened with the entire expense of the improvement in its front, without regard to the actual benefit conferred upon it by the improvement. As we said in the Larned case, so in this, under ordinance 26, in virtue of which the improvement is made, a lot might be materially injured by an improvement, for which the owner would be compelled to pay the whole cost of the improvement, while the owners of other property receiving the benefit of the improvement would be entirely exempted from the burthen of making the improvement. It was, we think, to prevent such injustice and oppression that the provisions of the constitution referred to were adopted, and we feel it our duty to pursue it in all its efficiency, so that the citizen may receive that protection the provision in question was designed to afford.

Nor is this assessment cured by the 3d section of ordinance 55, which we have above quoted in full. That also fails to meet the rule of equality and justice, as expounded by this court in the cases cited. It compels the assessor to assess the whole expense of the improvement upon the property benefited, so that the general fund shall bear no part of it, even though the individual property might not be specially benefited to the extent of the cost of the improvement. It assumes there must be lots which will be specially benefited to an amount equal to the whole cost of the improvement, while it may often occur that such is not the case, and yet this assumption compels the assessor to find that the property is so benefited, or, in other words, to assess the whole expense upon property benefited. This violates the rule that the assessment shall be made upon the property specially benefited.

It is the clear duty of corporate authorities, and assessors under them, to conform to the law in good faith and without evasion, and so to proceed as to impose no burthen upon the individual which should be borne by the whole community.

Should this assessment be sanctioned, the behests of the constitution will be evaded, and, in its consequences, one individual will be compelled to bear a grievous burden, a fair proportion of which justice demands should be borne by others.

Another objection is made, that the court ordered the lots to be sold to pay the assessment.

By article 8 of the city charter, appeals are allowed from the city council to the circuit court. Page 360, Private Laws of 1865.

When the case is in the circuit court by appeal, it is then governed by the general law in relation to appeals, and by that law the case is to be tried *de novo*, and such judgment given as the right of the case may require. This proceeding is *in rem*, and no other judgment could be properly rendered against the lots than one directing their sale to satisfy the assessment. *Pidgeon* v. *The People*, 36 Ill. 249.

The judgment, for the reasons given, must be reversed.

*Judgment reversed.*