JAY C. NEWMAN *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 29, 1894.*

1. PRACTICE—*in Supreme Court—petition for special assessment is part of record.* The supplemental petition for special assessment in condemnation proceedings should be made a part of the record.

2. SPECIAL ASSESSMENTS—*judgment in condemnation proceedings final.* The judgment in the antecedent condemnation proceeding is final as to the question of a prior dedication, and is not subject to collateral attack in the supplemental assessment proceedings.

3. SAME—*cannot exceed benefits.* A special assessment cannot exceed the benefits the property derives from the improvement, and when the special benefits are less than the total cost, the excess must be assessed against the village or city.

4. SAME—*assessment against city where total cost is to be raised by special assessment.* Although an ordinance provides that the cost of the improvement shall be raised by special assessments alone, the commissioners may nevertheless assess a portion of the cost to the city or village, and it is necessarily implied that such portion shall be paid by general taxation.

5. SAME—*description of improvement.* In determining the sufficiency of the description of the improvement contemplated, the entire ordinance should be considered.

6. JUDGMENT—*words in verdict and judgment rejected as surplusage.* Where property is described in a petition for condemnation as "the east seven-eighths of lot 8," and in the verdict and judgment as "the east seven-eighths *feet* of lot 8," the word "feet" will be rejected as surplusage, and the judgment will stand as if the description was the same as in the petition.

APPEAL from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

Mr. R. M. WING, and Mr. FRANK R. GROVER, for the appellants:

Where an acceptance on the part of the town is deemed necessary, such acceptance need not be by any formal proceeding, but may be implied from its acts recognizing the road as a public highway. Angell on Highways, (3d ed.) sec. 162; 5 Am. & Eng. Ency. of Law, 415.

The public is an ever-existing grantee, capable of taking dedications for public uses. *Warren* v. *Jacksonville*, 15 Ill. 236; *Alvord* v. *Ashley*, 17 id. 363.

As to what slight circumstances will constitute an acceptance by the public or the municipal authorities, see *Warren* v. *Jacksonville*, 15 Ill. 236; *Alvord* v. *Ashley*, 17 id. 363; *Waugh* v. *Leech*, 28 id. 491; *Rees* v. *Chicago*, 38 id. 336; *Hiner* v. *Jeanpert*, 65 id. 430; *Forbes* v. *Balenseifer*, 74 id. 187; *Dunn* v. *Pickard*, 24 Ill. App. 423.

No one is bound by an adjudication to which he was not a party. *Thomas* v. *People*, 107 Ill. 517; *Gage* v. *Busse*, 114 id. 589; Freeman on Judgments, secs. 335-337.

An ordinance failing to prescribe the mode of making compensation is void and proceedings under it a nullity, and no mode except that provided by the ordinance can be followed. *Hyde Park* v. *Thatcher*, 13 Ill. App. 616; *Watson* v. *Chicago*, 115 Ill. 80.

The adoption of a mode of payment in an ordinance excludes the idea of payment in any other way, and where the statute provides a mode of exercising a given power it implies the exclusion of all other methods. *Chicago* v. *Shepard*, 8 Ill. App. 607; *People* v. *Railroad Co.* 62 Ill. 38; *Smith* v. *Railroad Co.* 68 id. 191; *People* v. *Hyde Park*, 117 id. 470.

A record may be amended to make it state what happened, but orders cannot be entered *nunc pro tunc* merely to cure mistakes of parties, counsel or court. *Ogden* v. *Lake View*, 121 Ill. 422.

Amendments to the record should not be allowed after the close of the term of court at which the record was made, unless there are some memoranda, minutes or notes of the judge, or something appearing on the records or files, to amend by. *People* v. *Anthony*, 129 Ill. 218.

After term at which final judgment is rendered the court has no power over the judgment, except to amend it in form or to correct clerical errors. *Goucher* v. *Patterson*, 94 Ill. 525; *Railroad Co.* v. *Holbrook*, 72 id. 419; *Windett* v.

*Hamilton,* 52 id. 180 ; *Savings Institution* v. *Nelson,* 49 id. 171; *McKinley* v. *Buck,* 43 id. 488 ; *Troutman* v. *Hill,* 5 Ill. App. 396 ; *Bryant* v. *Vix,* 83 Ill. 11.

The question of dedication in suits at law has been repeatedly held to be a question to be fairly left with the jury, under proper instructions from the court. *Harding* v. *Town of Hale,* 61 Ill. 192 ; *Waugh* v. *Leech,* 28 id. 488 ; *Daniels* v. *People,* 21 id. 439.

It is only third persons who have the right to collaterally impeach judgments. They are accorded this right because, not being parties to the action, nothing determined by it is, as to them, *res judicata.* Freeman on Judgments, (3d ed.) secs. 334-337.

Mr. M. W. ROBINSON, Mr. LOCKWOOD HONORE, Mr. ADOLPH KRAUS, Corporation Counsel, and Messrs. MAHER & GILBERT, for the appellee :

In the trial of special assessment proceedings the question of dedication is not a proper question for the consideration of the court, nor should any evidence be heard to show a dedication in a special assessment proceeding. *Goodwillie* v. *Lake View,* 137 Ill. 51.

To constitute a dedication of land to public use, there must be an offer to dedicate, evidenced by words, acts or permission, and the offer to dedicate must be accepted by the proper municipal authorities. There can be no complete dedication until there is an offer by the owner and an acceptance by the proper municipal authorities. *Princeton* v. *Templeton,* 71 Ill. 88 ; *Trustees* v. *Walsh,* 57 id. 370 ; *Grube* v. *Nichols,* 36 id. 96 ; *Littler* v. *Lincoln,* 106 id. 354; *Winnetka* v. *Railroad Co.* 124 id. 235.

The evidence to prove dedication must be clear and satisfactory, both as to the offer to dedicate and its acceptance by the proper authorities. To doubt as to either of these conditions is to decide against the alleged dedication. *Grube* v. *Nichols,* 36 Ill. 96 ; *Trustees* v. *Walsh,* 57 id. 370 ; *Kyle* v. *Logan,* 87 id. 624; *Littler* v. *Lincoln,* 106 id.

369; *Gentleman* v. *Soule,* 32 id. 272; *Baker* v. *Johnson,* 21 Mich. 346; *Forbes* v. *Balenseifer,* 74 Ill. 187; *Irving* v. *Ford,* 65 Mich. 249; *Insurance Co.* v. *Littlefield,* 67 Ill. 373.

To sustain the theory of highway by prescription the proof must show a continuous, uninterrupted user, adverse to the owner and under a claim of right, for twenty years. *Gentleman* v. *Soule,* 32 Ill. 272; *Warren* v. *Jacksonville,* 15 id. 236.

The judgment in a condemnation case is in the nature of a judgment *in rem,* and is binding against all the world. 21 Am. & Eng. Ency. of Law, 274.

As to the fact that the city did not provide specifically in the ordinance for the payment of that part of the cost which should be assessed against the city, it is to be noted that this court has previously held, in *Kimble* v. *Peoria,* 140 Ill. 157, that it is no objection to a special assessment that there is no appropriation to pay the city's part of the cost of an improvement.

Equality in special assessments is no longer required. *Murphy* v. *People,* 120 Ill. 236; *Walters* v. *Town of Lake,* 129 id. 29.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the Superior Court of Cook County, confirming a special assessment in a supplemental proceeding under section 53 of Article 9 of the City and Village Act, instituted for the purpose of raising the amount necessary to pay the compensation theretofore awarded for property taken by condemnation for opening Sixty-fifth Court between Stewart Avenue and Honore Street. The supplemental petition is not in the record; and, although its omission is not referred to by counsel on either side, we allude to it for the purpose of deprecating the practice of making up the records in this class of cases without inserting the supplemental petition. (*Ayer* v. *City of Chicago,* 149 Ill. 262; *Guild, Jr.*

v. *City of Chicago*, 82 id. 472).   Section 53 not only pro-
vides for filing said petition and prescribes the scope of
its prayer, but also states that the court shall have power
to appoint the three commissioners *"after"* said petition
shall have been filed ; showing that the petition lies at
the foundation of the supplemental proceeding.

The main objection discussed by counsel for appel-
lants is, that the land embraced in the petition for con-
demnation had been dedicated to the public for a highway
or street prior to the institution of the condemnation
proceeding.   In the first place, it is claimed that the ques-
tion of a prior dedication should have been submitted to
a jury for determination, and that the court erred in over-
ruling a motion made by appellants for such submission,
and in hearing evidence and deciding the question with-
out a jury.   In the recent case of *Gage* v. *City of Chicago*,
146 Ill. 499, we decided, that an objection raising that
question does not present an issue, which the property
owner is entitled to have submitted to a jury; and we see
no good reason for not adhering to the decision.

Here, as in the *Gage* case, *supra*, the trial court per-
mitted the parties to introduce a large mass of evidence
upon the question of such prior dedication.   This evi-
dence was somewhat conflicting, some of it showing cir-
cumstances which tended to establish that there had
been a dedication, and some of it showing circumstances
which tended to negative the fact of a dedication.   After
a careful examination of all the testimony, we are not
prepared to say that the trial judge did not reach a cor-
rect conclusion in finding that there had been no dedica-
tion, if, indeed, he was bound to consider the evidence at
all, which was introduced upon that subject.

The appellee has assigned a cross-error to the effect,
that the court below erred in permitting proof to be
heard on the question of dedication.   We are inclined to
think that the cross-error is well assigned.   The supple-
mental proceeding, provided for in section 53, is collat-

eral to the condemnation proceeding. The condemnation
judgment is final and conclusive as to the parties thereto,
until it is reversed or vacated. Hence, the questions
properly arising in the condemnation proceeding can
not be relitigated in the supplemental proceeding, the
object of the latter being merely to raise funds to pay the
judgment of condemnation already entered. (*Goodwillie*
v. *City of Lake View*, 137 Ill. 51; *Gage* v. *City of Chicago, supra*).
The objection, that there was a former dedication amounts
to the assertion, that the property condemned was not
private property, but belonged to the city or public.
The question, whether the property condemned was pri-
vate property or not, was an issue involved in the con-
demnation proceeding. The city or village has power to
condemn private property only under article 9, and not
public property. Section 4 of article 9 authorizes the
petition for condemnation to be filed, when an ordinance
is passed for the making of a local improvement, "the
making of which will require that private property be
taken or damaged for public use ;" and, by the terms of
the same section, the prayer of the petition must be, that
"the just compensation to be made for private property
to be taken or damaged for the improvement  *  *  *
shall be ascertained by a jury." Section 14 of article 9
provides, that "any final judgment  *  *  *  rendered
*  *  *  upon any finding  *  *  *  of any jury or juries
shall be a lawful and sufficient condemnation of the land
or property to be taken," etc.   (1 Starr & Cur. Ann. Stat.
pages 488, 491).

It would seem to follow, that the judgment in con-
demnation, not being subject to collateral attack in the
supplemental proceeding, must be regarded as a deter-
mination of the question sought to be raised by the ob-
jection now under consideration. It is not made to
appear, that the court rendering the judgment did not
have jurisdiction as to the subject matter, and over the
proper parties.

It is said, that the ordinance, providing for the open-
ing of the street is invalid, because it does not provide,
that, in case the cost of the improvement exceeds the
amount which can be assessed as special benefits against
the property, the balance of the cost shall be raised by
general taxation.    In other words, it is claimed that the
ordinance makes only partial provision for the payment
of the cost of the improvement.    The second section of
the ordinance is as follows : ·

"Section 2.  That the cost and expense of said improve-
ment shall be defrayed by a special assessment upon the
property specially benefited thereby, to the extent of
such special benefits, such special assessment to be made
and levied in accordance with the provisions of article
nine (9) of an act of the General Assembly of the State
of Illinois entitled 'An act to provide for the incorpora-
tion of cities and villages,' approved April 10, A. D. 1872."

The total cost of the improvement was $15,334.35, of
which, as shown by the report of the commissioners,
$15,032.00 was assessed against property specially bene-
fited, and $302.35 against the city.    It is said that the
ordinance contains no provision which covers, or author-
izes the payment of, the sum of $302.35.

Usually ordinances of this character contain a clause,
that the amount, if any there shall be, over and above
the special benefits to the property shall be paid for by
general taxation.    (*Watson* v. *City of Chicago*, 115 Ill. 78).
Is such a clause necessary to the validity of the ordi-
nance?    Section 2 of article 9 provides, that, "when any
such city or village shall, by ordinance, provide for the
making of any local improvement, it shall, by the same
ordinance, prescribe whether the same shall be made by
special assessment, or by special taxation of contiguous
property, or general taxation, or both."    We have held,
that one improvement cannot be made by both special
assessment and special taxation, yet that either of those
methods may be combined with general taxation.    (*Kuehner*

v. *Freeport*, 143 Ill. 92). But, while this is so, section 2
certainly authorizes a local improvement to be made by
special assessment alone, as well as by special assess-
ment and general taxation combined. (*Ricketts* v. *Village
of Hyde Park*, 85 Ill. 110). A special assessment cannot
exceed the benefits the property derives from the im-
provement. (*City of Sterling* v. *Galt*, 117 Ill. 11). Wher-
ever the ordinance provides for making the improvement
by special assessment, it may turn out that the special
benefits will be less than the total cost; and, when such
is the case, the excess must be assessed against the city
or village. By section 23, the commissioners take an
oath to assess the cost of the improvement upon the city
or village, and the property benefited. By section 24
the commissioners estimate what proportion of the total
cost will be of benefit to the public, and what proportion
will be of benefit to the property to be benefited, and
apportion the same between the city or village and such
property, so that each may bear its relative equitable
proportion. Hence, the power to make the improvement
by special assessment alone necessarily involves and in-
cludes the power, through the commissioners, to appor-
tion a part of the cost, that will be of benefit to the
public, to the city or village. Here, section 2 of the ordi-
nance virtually adopts article 9, and makes section 24
of that article a part of the ordinance. We are, there-
fore, inclined to hold, that where the ordinance provides
for making the improvement by special assessment alone,
and especially where it provides specifically and in terms,
that the special assessment must be made and levied in
accordance with article 9, it thereby also provides, by
necessary implication, that the excess of the cost over
the special benefits is to be paid by general taxation, for
whatever part of the cost is apportioned to the city can
only be paid in that way. (*Walters* v. *Town of Lake*, 129
Ill. 23; *Kimble* v. *City of Peoria*, 140 id. 157).

It is objected, that the ordinance does not specify the nature, locality and description of the improvement, because, by providing that the court or street be opened "between Stewart Avenue and Honore Street," it does not specify at what point between those two streets the street to be opened is to begin, nor at what point it is to end.    There would be force in this objection, if the ordinance contained no other designation of the locality of the improvement than that already indicated; but its first section provides that "Sixty-fifth court be and the same is hereby opened between Stewart Avenue and Honore Street by the condemnation for that purpose of the following described lots, pieces and parcels of land, towit: the south 30 feet of lots 7 and 8 and the north 30 feet of lots 9 and 10 in block 11; also, the south 33 feet of lot 8 and the north 30 feet of lots 9 and 10 in block 12 in Linden Grove, a subdivision of the N. W. 35 acres," etc.    A reference to the plat of the subdivision shows that the south 30 feet of lots 7 and 8 and the north 30 feet of lots 9 and 10 in block 11 is a strip of land 60 feet wide running from Stewart Avenue on the east westward to Wright Street on the west; and that the south 33 feet of lot 8 and the north 30 feet of lots 9 and 10 in block 12 is a strip of land 63 feet wide running from Wright Street on the east westward to Honore Street on the west, not including the south half of lot 7 in said block 12, being 33 feet wide and 234 feet long at the west end of the proposed street, which part of said lot 7 had been previously dedicated by recorded plat.    We think that the description sufficiently designates the extent of the land sought to be condemned.

It is claimed, that the court erred in permitting the verdict and judgment in the condemnation proceeding to be amended after the term, at which the judgment was rendered, had passed.    By the verdict compensation was awarded "to the owner or owners of the south 33 feet of the east seven-eighths *feet* of lot 8, block 12, $1980.00." The judgment of condemnation followed the verdict.    The

amendment permitted the word, *"feet"* to be stricken out, so as to make the verdict and judgment read: "to the owner or owners of the south 33 feet of the east seven-eighths of lot 8, block 12, $1980.00."

We deem it unnecessary to discuss the question, whether the court had or had not the power to allow this amendment after the term had passed, because we think that the verdict and judgment without amendment ought to be construed to have no other or different meaning than they would have after the amendment. If this is so, the amendment was immaterial, and no substantial change in the judgment was produced by it.

If the description of lands in conveyances and judicial proceedings can be made certain by rejecting that which is repugnant or false, it will be done, so as to effectuate the intention; and a subordinate feature or circumstance of the description will sometimes be rejected as surplusage, in order to allow the complete and correct description to stand alone. (*Holston* v. *Needles,* 115 Ill. 461; *Swift* v. *Lee,* 65 id. 336; *Kruse* v. *Wilson,* 79 id. 233).

In interpreting the meaning of the verdict and judgment in this case, the court will look to the petition in the condemnation case, and the copy of the ordinance thereto attached. The ordinance provides, that the street shall be opened by condemning "the south 33 feet of lot 8." Lot 8 is 234 feet long. The petition asks for the condemnation of lot 8 by the following descriptions: "the south 33 feet of the west one-eighth of lot 8," and "the south 33 feet of the east seven-eighths of lot 8, block 12." The only award as to lot 8 made by the verdict besides that above stated is as follows: "to the owner or owners of the south 33 feet of the west one-eighth of lot 8, block 12, $175.00," that is to say, a strip 33 feet wide and 29.25 feet long. It is evident, that the insertion of the word, "feet," after the word "seven-eighths" was a mere accident or mistake in reducing the verdict to writing. Otherwise, the verdict awards compensation for a strip whose

length is only 29.25 feet plus seven-eighths of a foot, or 30 feet and one-eighth of a foot (30⅛), while the ordinance calls for the condemnation of a strip whose length is 234 feet.

Section 5 of said article 9 provides, that the petition for condemnation shall contain "a reasonably accurate description of the lots, parcels of land and property which will be taken or damaged, and the names of the owners and occupants thereof so far as known," etc.  Section 7 directs, that a jury shall be empanelled "to ascertain the just compensation to be paid to all of such owners and occupants aforesaid."  Under these sections it is clear, that the jury must ascertain the compensation to be paid to the owners of the property described in the petition. The property described in the petition here is "the east seven-eighths of lot 8," or 204.75 feet, and not "the east seven-eighths *feet* of lot 8," which is only seven-eighths of one foot.  When the verdict is read in connection with the petition, the meaning and intention of the jury are clear, and require a rejection of the word, "feet," from the description as repugnant or false, and as surplusage. Section 8 of article 9 provides, that, where compensation is awarded by a jury for property not described in the original petition, a statement shall be filed, describing such property.  Here, no statement was filed describing "the east seven-eighths feet of lot 8."  The verdict would be absurd upon its face, if its intention was to award $175.00 for 29.25 feet at the west end of a strip 234 feet long, and $1980.00 for seven-eighths of a foot at the east end of said strip.

We find no error in the giving or refusal of instructions, or in the admission or exclusion of evidence.

There being no error in the record sufficient to justify a reversal, the judgment of the Superior Court is affirmed.

*Judgment affirmed.*