H. C. MIDDAUGH *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 19, 1900.*

1. PUBLIC IMPROVEMENTS—*when an ordinance must be regarded as originating with board.* If the council in a city of over 50,000 inhabitants has failed for a year to act upon an ordinance submitted by the improvement board in accordance with a property·owners' petition, the action of the board in passing a resolution changing the scheme of the improvement and recommending a new ordinance, after public hearing pursuant to notice, is an abandonment of the first scheme; and the later ordinance must·be regarded as originating with the improvement board, although it acted on the suggestion of a member of the council in making the change.

2. SPECIAL ASSESSMENTS—*when ordinance is not void for assessing whole cost to private property.* A paving ordinance providing that the whole cost shall be paid by special assessment, "in accordance with" the Improvement act of 1897, is not void on the ground that there was no previous ascertainment of benefits, since, under the act of 1897, the property owner may object to the commissioners' apportionment of public and private cost and have the same reviewed by the trial court, notwithstanding the ordinance.

APPEAL from the County Court of Cook county; the Hon. O. H. GILMORE, Judge, presiding.

FLOWER, SMITH & MUSGRAVE, MARK BREEDEN, Jr., GEORGE R. BROWN, and ARTHUR B. WELLS, for appellants:

Where the board of local improvements fails to act on its own judgment, and permits the character of the improvement to be arbitrarily dictated by the city council or by aldermen, the assessment is illegal. Laws of 1897, p. 82.

The board of local improvements has no power, after a·hearing on a resolution for an improvement, to abandon the same and institute a different improvement, unless the objections shall have been made to the improvement first proposed at the public hearing. Laws of 1897, p. 83.

An ordinance which provides that a local improvement shall be wholly paid for by special assessment upon the property benefited, without reference to whether the property is benefited to that amount, is void. *St. John* v. *East St. Louis,* 50 Ill. 92; *Greeley* v. *People,* 60 id. 19; *Watson* v. *Chicago,* 115 id. 78; *Crawford* v. *People,* 82 id. 557; *Newman* v. *Chicago,* 153 id. 469.

CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by certain property owners from a judgment of confirmation of a special assessment levied to pay the cost of grading, curbing, and paving with granite blocks, a designated part of Clinton street, in Chicago.

The first objection urged here is, that the ordinance did not originate with the board of local improvements. The record shows that a petition by the property owners owning the greater proportion of the property abutting upon the proposed improvement was presented to the board of local improvements early in 1898, asking that the street be paved with cedar blocks. Afterward, on April 20, 1898, the board passed a resolution to comply with the petition, and a public hearing was had before the board early in May following, and a resolution was then passed adhering to the former resolution. An ordinance was prepared by the board and submitted to the city council with its recommendation and the estimate of the cost of the improvement, as required by the act concerning local improvements in force July 1, 1897. (Laws of 1897, p. 101.) It does not appear from the record that this ordinance was passed by the city council, but evidence was given on the hearing of the objections tending to prove that at the instance or upon the advice of the council or of an alderman of the ward, the board

afterward, in May, 1899, passed a resolution to pave the street with granite blocks, and after a public hearing, pursuant to proper notice, adhered to such last named resolution, and prepared and submitted to the council another ordinance with its recommendation and estimate of the cost, in accordance with the statute, as a new scheme and without any reference to the former one. The city council passed this ordinance, under which the petition was filed in the county court and the proceedings involved in this case were taken.

Appellants insist that while the board had the power, under section 7 of the statute, to originate a scheme for a local improvement in cities of this class without a petition, yet, it having already acted upon a petition of the property owners and decided upon and recommended the paving of the street with cedar blocks and prepared and submitted to the council an ordinance therefor with proper estimates, its power was exhausted and it could not then originate a different improvement. So far as the record shows, the board did all that was required of it by the statute in relation to the first scheme. It had no power over the ordinance after it was submitted to the council, and if that body failed or refused to adopt it, and no further steps were taken, the effect was an abandonment of the improvement which it had proposed. The board had the undoubted power to originate a scheme of improvement of the street, and, under the circumstances shown in this case, its act in doing so a year after the first ordinance was submitted to the council was an abandonment of the first scheme. Appellants and all others interested had an opportunity to be heard at the public hearing held to consider the proposed change in the character of the improvement. It is not, of course, meant to be said that the city council, or any member of it, has any power, under the statute, to direct the board as to the kind or character of local improvements which it will recommend; but we cannot hold, under the evidence in

this case, that the proposed improvement, and the ordinance therefor, did not originate with the board of local improvements, as contended by appellants.

The next objection urged is, that the ordinance is void because it provided the whole cost of the improvement and of levying and collecting the assessment shall be paid for by special assessment. The whole provision of the ordinance on that question is contained in the following:

"Sec. 3. That said improvement shall be made and the whole cost thereof, including the sum of $2377.35 costs, (being the amount included in the estimate of the said engineer, hereto attached, as the cost of making and collecting the assessment herein,) be paid for by special assessment, in accordance with an act of the General Assembly of the State of Illinois entitled 'An act concerning local improvements,' approved June 14, A. D. 1897, and that said sum of $2377.35 costs shall be applied toward the costs of making and collecting such assessment."

The objection is, that the whole cost is by the ordinance imposed upon private property without regard to benefits and without any prior ascertainment by the council that there was property which was specially benefited to an amount equal to the cost of the improvement, and counsel refer to the following cases to sustain their objection: *St. John* v. *City of East St. Louis*, 50 Ill. 92; *Greeley* v. *People*, 60 id. 19; *Crawford* v. *People*, 82 id. 557; *Newman* v. *City of Chicago*, 153 id. 469; *Watson* v. *City of Chicago*, 115 id. 78.

We have no doubt that the ordinance would be subject to the same infirmities held fatal in two or more of the cases cited, had the provision in question in section 3 ended at the words "special assessment." But it must be observed that the ordinance provides that the improvement shall be made and the cost thereof paid for by special assessment, "in accordance with" the act (describing it) of 1897. In *Newman* v. *People*, 153 Ill. 469, we held that

the statute, as it then was, authorized a local improvement to be made by special assessment alone, but that the assessment could not exceed the benefits, and that if the special benefits be less than the cost of the improvement the excess of such cost must be assessed against the city or village. We there held, in considering the statute under which that case arose, that the power to make the improvement by special assessment alone necessarily involves and includes the power, through the commissioners, to apportion a part of the cost, of benefit to the public, to the city or village. The ordinance in that case, as in this, referred in specific terms to the statute and provided that the assessment should be made in accordance with its provisions, and we held that by necessary implication the excess of the cost over the special benefits was to be paid by general taxation, for the reason that whatever part of it is apportioned to the city can be paid in no other way.

An examination of the act of 1897 will show that it makes specific provision for the levying of special assessments according to special benefits, and for the apportionment, in just and equitable proportions, between the city and the property benefited as well as between the pieces of property benefited. There would therefore seem to be no necessity for incorporating these provisions in the ordinance, where the ordinance provides that the improvement and the assessment shall be made in accordance with the provisions of the statute. It does not follow that the whole cost shall be assessed upon the property specially benefited because the ordinance so provides. The superintendent of assessments, or person directed by the court to apportion the assessment between the city and the property benefited and to make the assessment, must obey the statute and the order of the court in this regard, notwithstanding there may be an apparent conflict between it and the ordinance, and as the statute now is, it is the duty of the court to see to

it that he does so, and, if necessary, to revise or change the apportionment made by him between the public and the property benefited, so as to make it a just and equitable distribution of the cost of the improvement. Section 1 of the statute confers on the corporate authorities of those municipal bodies the power to make such local improvements as are authorized by law, by special assessment, or by special taxation of contiguous property, or by general taxation, or otherwise, as they shall by ordinance prescribe; and section 8 expressly requires that the ordinance shall provide whether the improvement "shall be made wholly or in part by special assessment, or special taxation of contiguous property, and if in part only, shall so state." It is difficult, in the face of these provisions, to see why an ordinance should be declared void because it provides that the whole cost shall be paid by special assessment.

The courts cannot say, as matter of law, that all local improvements are of benefit to the public, in the sense intended by the statute, so as to require a part of the cost of the improvement to be paid by the municipality. But such municipality has the power, under the statute, to provide in any case that a part of the cost shall be paid by general taxation. Therefore, when it provides that the whole cost shall be paid by special assessment the legal intendment is only that it does not elect to pay any part of the cost, but it will nevertheless be required to pay whatever proportion may be apportioned to it by the officer making the assessment, or by the court upon revising and confirming it, unless the proceedings be discontinued. When all of the provisions of the statute are considered no serious difficulty in complying with its provisions is seen. Before the statute of 1897 the courts were powerless to review the apportionment of the assessment made by the city council or the commissioners between the municipality and the property assessed, and so long as the property was not assessed more than it

was specially benefited or more than its just proportion of the cost of the improvement, the owner could not be heard by the court on his objection that the distribution of the whole cost as between the public and the property assessed was unjust and inequitable and should be changed. But now he has the right to be heard on that question, and the municipality no longer has the power, in cases of special assessments, to determine finally for itself that the public will not be benefited by the improvement but that the whole cost shall be borne by the property owners to the extent that it can be proved their property will be specially benefited. We have held in many cases that the rule applicable to special taxation is not applicable to special assessments. In the case at bar the whole cost was assessed upon the property benefited, and the superintendent of assessments estimated and reported that he had apportioned to the city as public benefits "no dollars" and to the property benefited $42,000, which was the whole amount of the cost. Counsel say that in so doing the superintendent followed the ordinance, and that the property owner has no more protection against unfair and burdensome assessments than he had before the act of 1897 was passed. It is sufficient to say that appellants did not ask the court to revise or change this apportionment, or cause the same to be revised or changed. If the officer does not obey the statute and the order of the court and observe his oath in this respect, the property owner may call upon the court and thus compel obedience to the law. Had they done so in this case the court would have had full power to make, or cause to be made, a just and equitable apportionment of the burden of the improvement between the city and the property owners, and we must assume it would have exercised such power.

What has been said, and a consideration of the changes in the statutes since certain of the decisions cited were rendered, will dispose also of the point made that the

ordinance was void because there had been, when it was adopted, no ascertainment that there was property which would be specially benefited to an amount equal to the whole cost of the improvement.

Other objections are urged, but we think the court did not err in overruling them.   They require no further mention.

The judgment will be affirmed.

*Judgment affirmed.*