The South Chicago City Railway Company *et al.*

*v.*

The City of Chicago.

*Opinion filed April 16, 1902—Rehearing denied June 6, 1902.*

1. Special assessments—*assessment to pay condemnation judgment is collateral to condemnation proceeding.* The levying of a special assessment, under section 53 of article 9 of the City and Village act, to raise the money to pay a condemnation judgment for widening a street, is collateral to the condemnation proceeding, and if the court had jurisdiction to render the condemnation judgment its validity cannot be attacked in the assessment proceeding.

2. Same—*effect where condemnation judgment is against part, only, of the land described in ordinance.* The court has jurisdiction to render condemnation judgment against part, only, of the land designated in the ordinance to be condemned for widening a street, and the validity of the judgment cannot be attacked upon that ground in a supplemental proceeding to levy an assessment upon property benefited, to pay the condemnation judgment.

3. Same—*when section 53 of article 9 of City and Village act applies to assessment proceeding.* Under section 99 of the Local Improvement act of 1897, if a condemnation proceeding was pending when the act took effect, a supplemental proceeding to levy a special assessment to pay the condemnation judgment is governed by section 53 of article 9 of the City and Village act of 1872.

4. Same—*former dedication of property condemned cannot be set up in assessment proceeding.* An objection that the property against which a condemnation judgment for widening a street was entered had been dedicated to the city for street purposes prior to the filing of the condemnation petition cannot be urged in the supplemental proceeding to levy an assessment to pay such judgment.

5. Same—*what a sufficient description of railroad property assessed.* An assessment petition to pay the amount of a condemnation judgment, which describes the property of a street railway company assessed as "right of way, right of occupancy, franchise and interest of the South Chicago City Railway Company in and upon Ontario avenue, from Seventy-ninth street to Eighty-third street," is sufficiently certain and definite.

Appeal from the Superior Court of Cook county; the Hon. Theodore Brentano, Judge, presiding.

Chas. C. Gilbert, and K. K. Knapp, for appellants.

William M. Pindell, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of confirmation, entered by the superior court of Cook county on December 6, 1901, against the lands of the appellants, the South Chicago City Railway Company and the Illinois Steel Company, in a supplemental proceeding begun by the filing of a supplemental petition on July 24, 1901, to pay a judgment of condemnation, theretofore entered, awarding compensation for the taking of the lands of the appellants in a condemnation proceeding for the widening of Ontario avenue in the city of Chicago. The petition in the condemnation proceeding was filed on October 16, 1891, and the judgment of confirmation was entered on March 9, 1892. The supplemental petition was filed under section 53 of article 9 of part 1 of the City and Village act of 1872, as amended in 1891. The ordinance, providing for the widening of Ontario avenue, which was passed on May 25, 1891, by the city council of Chicago, directed that it should be widened from Seventy-ninth street to a point south of Eighty-second street. By the verdict rendered in the condemnation proceeding, the jury found the just compensation to be paid to the owner or owners of the south 107 feet of the north 140 feet of the west 33 feet of the north half of fractional section 32, etc., sought to be taken by and for the proposed improvement, to be the sum of $2475.00.

It will thus be noticed, that the judgment rendered was a judgment condemning only a part of the lands, which the ordinance directed to be condemned. The strip, directed to be condemned by the ordinance, was much longer in extent than the strip actually condemned by the judgment. In other words, the judgment did not condemn all of the lands, which were directed to be condemned for the purpose of widening the street, but only a part of the same.

The appellants, upon the trial below before the superior court, filed various objections to the confirmation of the assessment in the supplemental proceeding. All these objections were overruled.

*First*—The main objection, now insisted upon by the appellants, is that the city condemned a strip of land only 107 feet long, whereas the ordinance required the widening of the avenue by the condemnation of a strip much longer than 107 feet. It is claimed, that in this way the city has not made the improvement directed by the ordinance, but, on the contrary, has abandoned such improvement, and that therefore it was error to confirm an assessment of benefits, if any, caused by the condemnation of 107 feet, based upon an ordinance requiring the condemnation of a strip much longer than 107 feet. Before filing the supplementary petition, the city obtained an order from the superior court, dismissing the petition in the condemnation case, in so far as it related to all the property necessary to be condemned for the widening of the street, except the south 107 feet above mentioned.

The question, thus presented by the objection so made, is whether it is within the power of a city to proceed against only a part of the land, for the condemnation of which the ordinance provides. This question cannot be raised in the supplemental proceeding, begun for the purpose of raising the amount necessary to pay the compensation awarded by the condemnation judgment. The supplemental proceeding, provided for in section 53 of article 9 of the City and Village act of 1872, is collateral to the condemnation proceeding. The condemnation judgment is final and conclusive as to the parties thereto, until it is reversed or vacated. Hence, a question, which properly arose in the condemnation proceeding, cannot be litigated in the supplemental proceeding. (*Newman* v. *City of Chicago*, 153 Ill. 469.) The object of the latter proceeding is merely to raise funds to pay the judgment of condemnation already entered. It cannot be said that

the court, which rendered the condemnation judgment, did not have jurisdiction to render such a judgment, even though it condemned only a part of the land, described in the ordinance, upon which the petition for condemnation was based. If the court had jurisdiction to render such judgment, then its validity cannot be attacked in a collateral proceeding.

That the court did have such jurisdiction is a question, which has already been decided. In *Pardridge* v. *Village of Hyde Park*, 131 Ill. 537, which was a special assessment proceeding, an assessment roll had been filed, showing the compensation to be made for property taken for opening Forrestville avenue in Hyde Park from Forty-first street to Forty-seventh street. The trial court, having ascertained by the verdict of a jury that the village of Hyde Park had taken possession of that part of Forrestville avenue lying between Forty-first and Forty-second streets, entered a judgment dismissing the proceedings, except as to the property between Forty-first and Forty-second streets. The judgment of condemnation therein entered awarded a certain amount as compensation for opening the street between Forty-first and Forty-second streets only, and appointed commissioners to make a special as-·sessment to raise that amount; and it was there claimed, that a new assessment could not be made to raise money to pay the compensation for taking the land between Forty-first and Forty-second streets without a new enabling ordinance. But we there held that the passage of a new ordinance was not necessary. It was contended by counsel in that case, that a street must be opened as an entirety, and that, if only a part of it was opened, no assessment could be collected to pay for such part. But the decision in that case was adverse to the contention thus made. It was there said, that the condemnation judgment could be paid by special assessment under the original ordinance. The same question arose in *Allen* v. *City of Chicago*, 176 Ill. 113, where it was said (p. 123):

"Neither is it necessary, to authorize the supplementary proceeding provided by section 53 as quoted, that the city should by condemnation have secured an easement in all the property necessary for the street. * * * The objection taken by these appellants that, by the judgment of condemnation, the city had not acquired property of other defendants before the commencement of the supplemental proceeding, was no bar to this proceeding, and constituted no defense in this case. It was not error to overrule that objection." (See also *Goodwillie* v. *City of Lake View*, 137 Ill. 51; *People ex rel.* v. *Village of Hyde Park*, 117 id. 462; *Village of Hyde Park* v. *Corwith*, 122 id. 441).

It is claimed on the part of appellants, that this proceeding is under the act of June 14, 1897, concerning local improvements; but such is not the case. Section 99 of the act of 1897 provides "that the laws subsisting at the passage of this act shall continue to apply to all proceedings for the condemnation of lands, or the confirmation of special assessments or special taxes for local improvements which are pending in any court in this State when this act shall take effect. * * * Where ordinance for local improvements, to be made by special tax or special assessment, shall have been already passed when this act shall take effect, upon which no court proceedings shall have been then begun, the proceedings shall be as herein provided, with the same effect as if such ordinance had originated with the board of local improvements herein provided for." (Laws of Ill. of 1897, p. 135). The condemnation proceeding, to which the present assessment proceeding is supplemental, was pending when the act of 1897 was passed, and, therefore, the City and Village Act of 1872 continued to apply to the proceedings instituted for the purpose of raising the amount necessary to pay the judgment in that condemnation proceeding. By an amendment to said section 53, passed in 1891, it is provided, among other things, as follows: "And every such cause shall be considered as pending in the

court in which the same has been, or shall be commenced, until all the lands sought to be taken are paid for, or until the proceedings are dismissed where the lands have not been taken." (1 Starr & Curt. Ann. Stat.—2d ed.— p. 779; *City of Chicago* v. *Hayward,* 176 Ill. 130). It is admitted by counsel for appellants, that the condemnation proceeding was still pending on July 23, 1901, so far as it related to the rest of the land described in the ordinance for the widening of Ontario avenue, except the 107 feet condemned by the judgment therein entered. It was in a pending proceeding that the order of dismissal, hereinbefore referred to, was entered on July 3, 1901.

*Second*—It is urged on the part of the appellants, that there had been, prior to the filing of the petition for condemnation, a dedication of the 107 feet in question by the owners thereof for street purposes, and that, therefore, the 107 feet being public property, and not private property, could not be condemned. This question cannot be raised in the present proceeding. The objection, that there was a former dedication, amounts to the assertion that the property condemned was not private property, but belonged to the city or public. The question, whether the property condemned was private property or not, was an issue involved in the condemnation proceeding. The judgment in condemnation, not being subject to collateral attack in the supplemental proceeding, must be regarded as a determination of the question, whether there was or was not a dedication of the 107 feet in question. (*Newman* v. *City of Chicago,* 153 Ill. 469). It appears, however, that the trial court allowed evidence to be heard upon this question of dedication, and, after hearing the same, found that there had been no dedication of the lands here in question before the entry of the judgment of condemnation.

*Third*—The property assessed to the appellant, the South Chicago City Railway Company, is described as follows: "Right of way, right of occupancy, franchise

and interest of the South Chicago City Railway Company in and upon Ontario avenue from Seventy-ninth street to Eighty-third street." It is claimed that this description is too uncertain and indefinite to base any assessment upon it. It has, however, been held by this court in several cases, that railway property, as thus described, is of such a character that a special assessment can be levied upon it. (*Lake .Street Elevated Railroad Co.* v. *City of Chicago*, 183 Ill. 75; *Cicero and Proviso Street Railway Co.* v. *City of Chicago*, 176 id. 501; *West Chicago Street Railroad Co.* v. *City of Chicago*, 178 id. 339). The objection is without force, and was properly overruled.

The judgment of the superior court of Cook county is affirmed.                                    *Judgment affirmed.*