THE CITY OF CHICAGO, Appellant, vs. D. D. CHIDESTER, Appellee.

*Opinion filed February 16, 1910.*

1. SPECIAL ASSESSMENTS—*sidewalk assessment roll should not include property where sidewalk has been built by owner.* Under section 34 of the Local Improvement act, giving a property owner forty days in which to build the sidewalk, it is the duty of the superintendent of assessments to determine the proportionate part of the estimated cost to be borne by each piece of property benefited, including those whose owners have built sidewalks in compliance with the ordinance, but only those pieces of property whose owners have not constructed the sidewalk should be included in the assessment roll.

2. SAME—*assessment roll need not show anything as to property whose owner has built sidewalk.* It is not necessary that a sidewalk assessment roll shall show anything in regard to property which is not assessed because the owner has built the sidewalk, although if property is omitted whose owner has not built the sidewalk or if the sidewalk built does not comply with the ordinance, any property owner, upon application for confirmation, may object and have the roll corrected.

APPEAL from the County Court of Cook county; the Hon. WILLIAM L. POND, Judge, presiding.

GEORGE A. MASON, EDGAR R. HART, and EUGENE H. DUPEE, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

J. H. FITCH, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city council of the city of Chicago passed an ordinance for the construction of a cement sidewalk on certain streets under the Local Improvement act of 1897 and provided that the whole cost thereof should be paid by special assessment. The owner of a certain lot 6 situated on the line of the improvement built the sidewalk in front of his lot in accordance with the terms of the ordinance and the

243—37

statute giving him that privilege. The city filed a petition for the levy of the assessment, and an assessment roll was made and filed. The engineer's estimate of the total cost of the improvement was $1867.20. The assessment roll omitted the said lot 6 and the total amount of the assessment was $1248, which was levied on the other property benefited by the improvement. The appellee, D. D. Chidester, appeared and filed numerous objections, none of which are important except that numbered 51, which states that the assessment is levied upon a part, only, of the property specially benefited. On the hearing it was objected that there was a variance between the engineer's estimate and the assessment roll. The petitioner introduced testimony to show that the discrepancy arose from the omission of lot 6, because the sidewalk in front of that lot had been built by the owner, but the court struck the evidence out and ordered the assessment roll re-cast so as to include that lot. The petitioner refusing to comply with the order to re-cast the roll, the court dismissed the petition.

The Local Improvement act (Hurd's Stat. 1908, sec. 34, p. 430,) provides that "whenever any ordinance shall provide only for the building or renewing of any sidewalk, the owner of any lot or piece of land fronting on such sidewalk shall be allowed forty (40) days after the time at which said ordinance shall take effect in which to build or renew such sidewalk opposite to his land, and thereby relieve the same from assessment: *Provided,* the work so to be done shall in all respects conform to the requirements of such ordinance."

The engineer's estimate is the basis for the assessment. Since the ordinance required the whole cost of the improvement to be paid by special assessment, the superintendent of assessments was required to spread the whole amount of the estimate on the property benefited, provided that amount did not exceed the benefits received. If the total amount of benefits received should be less than the

estimated cost, the excess of cost could be paid only by general taxation. (*Newman* v. *City of Chicago,* 153 Ill. 469.) The object of the assessment is to provide for the collection from each piece of property of its proportionate share of the cost of the improvement. The statute has provided that the construction of the sidewalk opposite any piece of property by the owner in the manner and within the time required by the ordinance shall relieve such property from assessment. After such construction no right to assess the property remains. The requirement that the total estimated cost shall be spread upon all the property benefited must be construed in connection with the requirement that no assessment shall be made upon any piece of property which shall have paid its proportionate amount of the cost by the construction of the sidewalk. So construed, the act makes it the duty of the superintendent of assessments to determine the proportionate part of the estimated cost to be borne by each piece of property benefited, including those whose owners have constructed the sidewalk, and to include in the assessment roll only those pieces which have not constructed the sidewalk. It is not necessary that the assessment roll show anything in regard to property not assessed because the sidewalk opposite it has been constructed. The omission of such property does not affect the question whether the objector's property has been assessed more than its proportionate share of the cost of the improvement or more than the amount it is benefited. If any property has been omitted from the assessment roll whose owner has not constructed the sidewalk, or has constructed one which does not conform in all respects to the requirements of the ordinance, any property owner, upon the application for confirmation, may object and have the assessment roll corrected. No such claim is made here.

The county court erred in requiring the assessment roll to be re-cast and in dismissing the petition for the peti-

tioner's refusal to have it re-cast. The judgment is therefore reversed and the cause remanded, with directions to enter judgment of confirmation.

*Reversed and remanded, with directions.*